## Commonwealth ex rel. Middleton, Appellant. *v.* Banmiller.

Submitted March 21, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William F. Middleton,* appellant, in propria persona.

*Louis F. McCabe* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., April 13, 1961:

This is an appeal from the order of the Court of Common Pleas of Philadelphia vacating a writ of habeas corpus. Appellant was brought to trial before the Court of Quarter Sessions of the Peace of Philadelphia County sitting without a jury upon two bills of indictment. Bill No. 584 charged the appellant with the crime of corrupting the morals of a child. Bill No. 585 charged the appellant with the crime of sodomy.

On July 9, 1956, the lower court imposed sentence on Bill No. 585, of not less than five nor more than ten years in the Eastern State Penitentiary (now State Correctional Institution of Philadelphia). On Bill No. 584, appellant received a suspended sentence. These sentences were recorded as stated and endorsed upon the bills of indictment, respectively. However, the transcript of testimony, which was the basis for appellant's petition for writ of habeas corpus, mistakenly states the day of trial as July 6, 1956, and states the day of sentence as July 9, 1956.

Appellant has had this matter reviewed on several other occasions,[1] with results adverse to him. The

---

[1] Writs of habeas corpus were sought and dismissed as follows:

fact that no appeals were taken would justify the dismissal of this appeal. Nevertheless, we have reviewed the record and have concluded that the order of the lower court should be sustained.

A hearing was held on the petition in this case. From the testimony taken at that time it clearly appears that appellant was in court on July 9, 1956, and not on July 6, 1956, as shown by the transcript of testimony taken at his original trial, and that July 9, 1956, was the correct date of his trial and sentence.

Therefore, the only remaining discrepancy is that relating to the indictments on which sentence was imposed. Bill 585 charging sodomy carries a proper sentence for that charge, "not less than five nor more than ten years in the Eastern State Penitentiary," and on Bill 584 (Corrupting the morals of a child) sentence was suspended. The notes of testimony have the numbers in reverse order, with 585 suspended and a five-to-ten-year sentence on 584, which would be illegal for the latter.

However, the court reporter testified that this was a typographical error and the lower court found it to be in error. This corrects the discrepancy. The pronounced sentence as recorded on the indictments always controls. 11 P.L.E., Criminal Law, §647; *Commonwealth ex rel. Marelia v. Hill,* 177 Pa. Superior Ct. 520, 110 A. 2d 832; *Commonwealth ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 90 A. 2d 847. It has been repeatedly held by this Court that an alleged inconsistency between sentence as written and as

a. Philadelphia County C. P. No. 1, December Term, 1957, No. 1155, January 17, 1958.

b. Philadelphia County C. P. No. 1, June Term, 1958, No. 2892, September 19, 1958.

c. Philadelphia County C. P. No. 1, March Term, 1959, No. 619, April 3, 1959.

orally pronounced may not be collaterally questioned in a habeas corpus proceeding. *Commonwealth ex rel. Chaney v. Cavell,* 185 Pa. Superior Ct. 82, 138 A. 2d 180; *Commonwealth ex rel. Clawson v. Baldi,* 180 Pa. Superior Ct. 258, 119 A. 2d 874. This would also be applicable to any clerical mistakes.

Order affirmed.