## Commonwealth *v.* Thomas, Appellant.

Submitted March 22, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert S. Robbins,* for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., June 22, 1971:

This is an appeal by Walter W. Thomas from an order denying him relief under his P.C.H.A. petition, in which he alleged an involuntary plea of guilty, incompetency of counsel, and invalidity of sentence on one of the charges for the reason that it constitutes double jeopardy.

In 1967 this appellant was indicted as follows: Bill No. 33, unlawful use of narcotics; Bill No. 34, posses-

sion of burglary tools; and Bill No. 35, burglary of a motor vehicle, larceny, and receiving stolen goods. On November 1, 1967, he pleaded guilty to all bills before Hon. JOSEPH E. GOLD, President Judge, and at that time he was sentenced as follows by the court, who imposed the sentence in these words: "You, Walter Thomas, on Bill No. 33 are sentenced to serve a term not less than one year nor more than three years in the County Prison. Sentence is suspended on bills No. 34 and No. 35." However, the indictments read, over Judge GOLD's signature, on Bills Nos. 33 and 34, respectively, "11-1-67 Sentence suspended Sentence on Bill No. 35"; and on Bill No. 35, "11-1-67, Sentence, not less than 1 year nor more than 3 years at separate and solitary confinement in the Philadelphia County Prison. By the Court." On August 26, 1969, appellant filed the subject petition, which was subsequently amended, and the post-conviction hearing was held on April 10, 1970, before Hon. ETHAN ALLEN DOTY, Judge. The record was returned to Judge GOLD, who, on July 27, 1970, signed an order which reads, ". . . the suspended sentence on Bill No. 33 October Term, 1967, is vacated and a sentence of not less than one year nor more than three years is entered; the sentence of not less than one year nor more than three years on Bill No. 35 October Term, 1967 is vacated and a suspended sentence is entered." Judge DOTY denied the petition on August 19, 1970. This appeal followed.

We have examined the transcript of the notes of testimony taken at the post conviction hearing and can find little to support the appellant's contention that his guilty plea was not knowingly and intelligently entered. Even though this is a "silent record" case, for the reason that the plea had been entered prior to the decision in *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), the burden was on appellant to prove his case, contrary to his contention as

set forth in his brief, that the burden was on the Commonwealth. *Commonwealth v. Lundy,* 443 Pa. 8, 275 A. 2d 101 (1971). Therefore, on the basis of the record before us, we conclude that the lower court did not err in denying this claim of appellant.

In addition, we conclude that appellant did not prove his contention that his trial counsel was ineffecttive or incompetent. That claim is based on the fact that trial counsel did not note the discrepancy between the oral sentence and the sentence recorded on the indictment and advise appellant of same. Appellant also contends that counsel should have noted the severity of the sentence orally imposed for use of narcotics, i.e., three years, whereas, it is his contention that this is his first offense and, therefore, his sentence could be no more than one year imprisonment. Appellant argues that the sentencing judge, as well as trial counsel, must have erroneously concluded that appellant was being sentenced for possession of narcotic drugs, a felony, the penalty for which is from two to five years imprisonment for the first offense. The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, §20, as amended, 35 P.S. §780-20. We cannot accept the latter argument since the record does not disclose whether the present offense is appellant's first conviction or a subsequent conviction. Moreover, since trial counsel at the post conviction hearing testified that his notes of this case disclose the same sentences as are entered on the indictments, the reasonable explanation for the confusion that developed at the sentencing is that counsel simply misheard or misinterpreted the court's oral sentence and relied on the indictment sentences. Since the court, while pronouncing sentence, did not name the charge on the indictment but only announced the bill number, a moment's distraction of trial counsel's attention could have caused these results. We will also affirm the lower court on this point.

However, we do find to be meritorious appellant's contention that the lower court is without power to correct the sentence written on Bill No. 33, use of narcotic drugs, from a suspended sentence to one to three years imprisonment, even though thereby the indictment sentence would thus conform to the sentence orally imposed. A similar situation was very recently ruled on by the Supreme Court of Pennsylvania in *Commonwealth v. Allen*, 443 Pa. 96, 277 A. 2d 803 (1971). Therein the sentencing judge one year after sentence was imposed attempted to correct a sentence to conform to the sentencing judge's "true intention", sentences on two different indictments erroneously having been transposed by the judge both orally and on the indictments. The Supreme Court stated, in disallowing that procedure, inter alia, at pp. 103-05, "In Com. v. Silverman, 442 Pa. 211, 275 A. 2d 308 (1971), we voided the old rule permitting a sentencing judge to increase the sentence within either the term of court or thirty days if the term of court terminated prior to the thirty-day period in light of Benton v. Maryland, 395 U.S. 784 (1969), which we accorded retroactive application in Com. v. Richbourg, 442 Pa. 147, 275 A. 2d 345 (1971). Accordingly, we held that the 'modification of a sentence imposed on a criminal defendant which increases the punishment constitute[s] further or double jeopardy,' 442 Pa. at 215, 275 A. 2d at 310. . . . First, the record reveals these sentences were orally imposed *and* recorded on the indictments. Moreover, no attempt was made to correct these sentences for over one year. Thus, there is at least a possibility that the sentences originally imposed by the second judge did not represent a 'slip of the tongue'.

"Second, the Supreme Court long ago concluded that increasing a sentence after the defendant has commenced to serve it is a violation of the double jeopardy clause, Ex parte Lange, 85 U.S. (18 Wall.) 163 (1873),

and we are in agreement with those jurisdictions holding there is no exception to Lange in the situation where the increase is allegedly designed to reflect the judge's true intent; [citing cases]. Although Bozza v. United States, 330 U.S. 160 (1947), indicates judicial inadvertence in sentencing can be cured by increasing the sentence, that decision is inapposite for two reasons: (1) Bozza's original sentence was *below* the minimum mandatory sentence; and (2) the mistake was cured within five hours. Nor can the instant appeal be equated with the situation in Com. v. Meyer, 169 Pa. Superior Ct. 40, 82 A. 2d 298 (1951), wherein it was held that a trial judge could correct a clerk's erroneous docket entry.

"Lastly, we are of the opinion that such alleged inadvertence cannot be tolerated as a matter of public policy. As best stated by the Second Circuit, '[t]he possibility of abuses inherent in broad judicial power to increase sentences outweighs the possibility of windfalls to a few prisoners,' 367 F. 2d at 370."

In the present case, we also would distinguish the case of *Commonwealth v. Meyer,* which was cited by the Supreme Court in *Com. v. Allen,* supra, for the reason that in that case it was a clerk's error and not the sentencing judge's error, as here. We also note in the present case that it is a suspended sentence which was increased by the later correction and that thus the argument might be advanced that the appellant had not begun to serve a sentence on the indictment and that therefore the rules set down in *Commonwealth v. Meyer,* supra, do not apply. However, we believe that in the present circumstances the nicety of any such distinction should be disregarded for the reason that the defendant immediately after his sentencing did begin to serve a sentence on one of the charges to which he pleaded guilty. Furthermore, we note that there is nothing in the record which shows any reprehensible con-

duct on the part of the appellant which otherwise would allow the lower court to change the suspended sentence to one of imprisonment; and for the reason that the record clearly shows that the sentence was changed only to make it conform to the sentence given orally, we deem it unnecessary to return the record to the lower court for a hearing on that matter.

In sentencing, the controlling record is the endorsement of the sentence upon the back of the indictment, signed by the judge. *Commonwealth v. Zelnick,* 202 Pa. Superior Ct. 129, 195 A. 2d 171 (1963), cert. denied, 377 U.S. 1006, 84 S. Ct. 1943, 12 L. Ed. 2d 1054 (1964). Therefore, we conclude that the rules announced in *Commonwealth v. Allen,* supra, apply, and we accordingly remand this record to the court below and order the reinstatement of the suspended sentence on Bill No. 33.

The order of the lower court refusing a new trial is affirmed. The record is remanded for reinstatement of suspended sentence on Bill No. 33.