504 A.2d 1264

COMMONWEALTH of Pennsylvania

v.

**Barry ADAMS, Appellant.**

Superior Court of Pennsylvania.

Argued April 24, 1985.

Filed Jan. 31, 1986.

Jules Epstein, Assistant Public Defender, Philadelphia, for appellant.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and CAVANAUGH, BROSKY, ROWLEY, WIEAND, McEWEN, DEL SOLE, BECK and TAMILIA, JJ.

## OPINION ANNOUNCING JUDGMENT OF THE COURT

ROWLEY, Judge:

This is an appeal from a judgment of sentence of ten to twenty years imprisonment imposed following revocation of a prior sentence of ten years probation for robbery. Appellant argues that the trial court improperly corrected a clerical error it had committed in recording the sentence of probation on the wrong bill of indictment. He also argues that his original sentences for aggravated assault and robbery,[1] imposed in 1975, merged and that, since he had already served the aggravated assault sentence, the trial court was precluded, in 1982, from revoking his probation and imposing a prison sentence on the robbery charge. Argument before an *en banc* panel of this Court was granted to consider these issues as well as the Commonwealth's claim that appellant has waived the second argument. We find that the judgment of sentence of ten to

[1]. Although the aggravated assault bill contained four counts, it appears that the plea was entered to count one, 18 Pa.C.S. § 2702(a)(1), a felony of the second degree. The robbery bill contains three counts based on 18 Pa.C.S. § 3701(a)(1)(i), (ii), and (iii). Although the record is not clear which count the plea was entered to, it appears, from the meager facts available to us, that the first count, 18 Pa.C.S. § 3701(a)(1)(i) is not appropriate. However, since each count charges a felony of the first degree, the uncertainty in this regard does not affect our decision.

twenty years was properly imposed and accordingly we affirm.

Following entry of pleas of guilty, appellant was sentenced, on March 4, 1975, as follows:

Bill of Indictment 1792 Feb. 1974: aggravated assault: 11½ to 23 months imprisonment, credit for time served since January 15, 1974;

Bill of Indictment 1793 Feb. 1974: robbery: 5 years probation to run concurrently with Bill # 1792.

On February 17, 1978, following a revocation of probation hearing, the trial court made an order revoking appellant's sentence of five years probation for robbery and imposing a sentence of ten years probation. The order, however, was not recorded on Bill 1793, the robbery bill, but instead was contained on a form signed by the trial court entitled "Supplement to Indictment No. 74 Feb. 1792," which was the aggravated assault bill. Appellant's sentence on Bill 1792, however, had expired at least a year earlier. Also on February 17, 1978, however, a second document entitled "Certification of Probation" was executed stating that the probation imposed on Bill 1793 (the robbery bill) was revoked and a new ten year sentence of probation was imposed. Thus, there were two conflicting records of the trial court's order. No one questioned the Order, and appellant was again released on probation.

On June 10, 1982, appellant appeared before the trial court at a second probation violation hearing. This time the trial court entered an order revoking the ten year probation. At the same time, the court imposed a sentence of ten to twenty years in prison. This order and sentence were recorded on a form signed by the trial court entitled "Supplement to Indictment No. 74 Feb. 1793", the Robbery bill. It is this order from which appellant has appealed.

Appellant argues that the trial court had no power to revoke his probation in 1982 and sentence him to prison. His first argument is based solely upon an examination of the bills of indictment as they appear in the record, and may be stated as follows:

The trial court purported to sentence him to prison on Bill 1793 (Robbery). However, by the time the court did so, on June 10, 1982, the sentence on Bill 1793 had expired; as appears on the face of Bill 1793, the sentence was five years probation, imposed March 4, 1975. It is true that the trial court was under the impression that the sentence on Bill 1793 had not expired; it thought that by its order of February 17, 1978, appellant had been sentenced to ten years probation on Bill 1793, and that he was still serving that probation. However, as has been noted, the order of February 17, 1978, had been entered not on Bill 1793 but on a supplement to Bill 1792, and when it was entered, the sentence on Bill 1792 had expired. The order of February 17, 1978, could therefore have no effect on the sentence of five years probation imposed on Bill 1793. Appellant concluded that because the sentence on Bill 1793, as imposed March 4, 1975, had expired by the time of the probation revocation hearing on June 10, 1982, and because the sentence on Bill 1792 had also expired, the court had no authority to sentence him on June 10, 1982 and he should be discharged.

The trial court rejected appellant's argument. The court found that the entry of the order of February 17, 1978, on Bill 1792 was a clerical error. The court identified several factors in support of this finding. First, the court noted that it could not have meant to revoke probation on Bill 1792 because appellant had completed his sentence on that bill; hence it could only have meant to revoke probation on Bill 1793. Second, the court stated that the court stenographer had correctly reported the sentence.[2] Finally, the court noted that at the same time that the sentence was erroneously recorded on Bill 1792, the clerk filled out a certificate of probation certifying that the court had revoked probation on Bill 1793. Having found a clerical

2. We note, however, that we have never received a transcript of the February 17, 1978 hearing, and there is no indication in the record that such a transcript exists. Appellant asserts in his brief that he attempted to get a copy of the transcript but was informed that it could not be found. Brief for Appellant, at 12.

error, the court concluded that "[c]lerical errors may be corrected at any time by the trial court to conform to the facts." Slip op. of trial court at 5.

## I.

### a.

There are indeed cases permitting correction of a clerical error regarding a sentence. *Commonwealth v. Liscinsky,* 195 Pa.Super. 183, 171 A.2d 560 (1961); *Commonwealth v. Meyer,* 169 Pa.Super. 40, 82 A.2d 298 (1951). However, this Court has held that where a discrepancy exists between the sentence as recorded on the bill of indictment and the sentence as pronounced orally by the court, the sentence as recorded controls. See, e.g., *Commonwealth ex rel. Middleton v. Banmiller,* 195 Pa.Super. 45, 169 A.2d 343 (1961). In *Commonwealth v. Allen,* 443 Pa. 96, 277 A.2d 803 (1971) and *Commonwealth v. Thomas,* 219 Pa.Super. 22, 280 A.2d 651 (1971), the Pennsylvania Supreme Court and this Court applied this principle in cases similar to the present case.

In both *Allen* and *Thomas,* the sentencing court erroneously transposed two sentences on the bills of indictments. However, the Supreme Court in *Allen* and the Superior Court in *Thomas,* following *Allen,* refused to allow the trial courts, more than a year after the original sentence was imposed, to correct the errors. The decisions in these two cases rested, in part, on an interpretation of the United States Supreme Court's decision in *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873) that once a defendant had commenced serving the sentence, the trial court could not increase the sentence without violating the Double Jeopardy Clause.

In *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the United States Supreme Court rejected such a broad interpretation of the Double Jeopardy Clause. In *DiFrancesco,* the Court held that a statute that permitted the government, after the defendant had been sentenced as a "dangerous special offender", to

seek an increase in sentence on appeal did not violate the Double Jeopardy Clause. The Court discussed *Lange* and said that *Lange* does *not* hold that a trial court may not increase sentence if the defendant has begun to serve his sentence. Rather, *Lange* is limited to its facts and holds only that where a statute authorizes a sentence of fine *or* imprisonment, and one of these two alternatives has been imposed, the court cannot then resentence the defendant to the other alternative.

Although our Supreme Court has not had an occasion to re-evaluate its decision in *Allen* in light of *DiFrancesco*, this Court in *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983), has accepted a less expansive interpretation of the Double Jeopardy Clause. In *Ford*, the defendant was convicted and sentenced on charges of, *inter alia*, attempted murder, criminal conspiracy, and possession of an instrument of crime. The defendant also was convicted of aggravated assault and recklessly endangering another person, but he was not sentenced on those offenses because the trial court found that they merged with the offense of attempted murder. On appeal, this Court held that in sentencing the defendant for attempted murder, criminal conspiracy, and possession of an instrument of crime, the trial court had violated 18 Pa.C.S. § 906, because it had sentenced appellant to three inchoate offenses arising out of the commission of one ultimate crime. On remand, the trial court was instructed to sentence the defendant only on one of the three offenses. The Court also instructed the trial court that, if it chose not to sentence the defendant for attempted murder, it could resentence him for aggravated assault and recklessly endangering another person, even though it originally had not imposed sentences on those two offenses. *Id.*, 315 Pa.Superior Ct. at 300, 461 A.2d at 1290. The Court reasoned that as long as the new aggregate sentence was not longer than the original sentence, the Double Jeopardy Clause would not be violated and the trial court would merely be substituting new sentences for the

vacated sentence for attempted murder. *Id.*, 315 Pa.Superior Ct. at 301, 461 A.2d at 1290.

Even prior to *DiFrancesco,* this Court had interpreted the Double Jeopardy Clause as we did in *Ford.* In *Commonwealth v. Baily,* 250 Pa.Super. 402, 378 A.2d 998 (1977), the trial court found the defendant guilty of two counts of theft by unlawful disposition and two counts of theft by receiving stolen property. It sentenced the defendant only on the former two counts, however, because it concluded that the offenses merged. On appeal, this Court held that there was no merger. It was also determined that the evidence was insufficient to support the convictions for unlawful disposition, but sufficient for receiving stolen property, and remanded for resentencing on the latter offense. The Court reasoned that by permitting the trial court to correct its previous mistake of law regarding merger, it would not increase the punishment but merely modify the sentence so as to base it on a valid conviction, and that as long as the aggregate sentence did not exceed that initially imposed, there was no violation of the Double Jeopardy Clause.

Because the interpretation of *Lange* upon which *Allen* and *Thomas* rely has been rejected by the United States Supreme Court in *DiFrancesco,* we rely on *Ford* and *Baily* rather than *Allen* and *Thomas.* The same may be said here as was said of the appellant in *Baily:* he would receive an undeserved windfall if the court could not correct its sentence. It would be undeserved because it would be based on a clerical error—the trial court's mistake in recording its order of February 17, 1978, on the aggravated assault bill of indictment instead of the robbery bill—the correction of which entailed no increase in aggregate sentence. Because no increase resulted from the court's correction in the case before us—the correction only stating that appellant's sentence of ten years probation was not, as recorded, for aggravated assault but for robbery—the trial court had the power under *Ford* and *Baily* to correct its clerical error without violating the Double Jeopardy Clause and record

the sentence to conform to its intention when it imposed the sentence.

### b.

Approximately two months prior to oral argument in this case, the Pennsylvania Supreme Court filed its decision in *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307 (1985). There the Court held that, following the vacation of several of defendant's convictions, his case could not be remanded for resentencing on related charges of which he had been convicted but had received only suspended sentences. It was held that the imposition of new sentences on the related charges would violate the Double Jeopardy Clause. Appellant also argues, on the authority of *Goldhammer*, that the trial court's imposition of the sentence of imprisonment on June 10, 1982, likewise violates the Double Jeopardy Clause. However, on November 12, 1985, the United States Supreme Court, in a per curiam opinion, summarily reversed the decision in *Goldhammer* and remanded the case to the Pennsylvania Supreme Court for further consideration in light of *United States v. DiFrancesco*. *Pennsylvania v. Goldhammer*, —— U.S. ——, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985).

However, even if the Pennsylvania Supreme Court reaffirms its prior decision in *Goldhammer*, on the basis of state law, *Goldhammer* is distinguishable from the instant case. In *Goldhammer*, the defendant was convicted on 56 counts each of theft by unlawful taking and forgery. He was sentenced to a two to five year prison term for one theft count and a five year period of probation on one forgery count. Sentence was suspended on all other counts. On appeal, the Superior Court vacated 34 of the 56 theft convictions because they were barred by the statute of limitations. Included among the convictions vacated was the one and only count on which defendant had been sentenced to prison. The Commonwealth sought to remand the case for resentencing on the remaining 22 convictions. The

Court held that to do so would offend the constitutional protection against double jeopardy.

■ In the instant case, appellant's original sentence of five years probation was increased to ten years probation which was increased to five to ten years imprisonment following violations of sentences of probation. Thus, the case before us does not involve resentencing on charges for which a *suspended* sentence was imposed, as in *Goldhammer*, but resentencing following violation of probation. As noted in *Goldhammer, Id.*, 507 Pa. at 248, n. 5, 489 A.2d at 1313, n. 5, a sentence of probation may be followed by a subsequent prison sentence if the terms of the probation are violated. Appellant initially received a probationary sentence for robbery. When his probation was violated before it was satisfactorily completed, the court resentenced him to a lengthier period of probation. This period of probation in turn was violated, and the court sentenced appellant to ten to twenty years imprisonment. This the court had authority to do. *Commonwealth v. Pierce*, 497 Pa. 437, 441 A.2d 1218 (1982); *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967); 42 Pa.C.S. § 9771(b).

## II.

Appellant's final argument is that the sentence imposed following the June 10, 1982 revocation of probation hearing was invalid because his original sentences for aggravated assault and robbery, imposed in 1975, were illegal. Specifically, he argues that the charges of aggravated assault and robbery arose out of one criminal act, and that they therefore merged for sentencing purposes and only one sentence should have been imposed.[3] He further argues that, since he has already served the aggravated assault sentence, the sentence for robbery merged into it and any sentence thereafter imposed for Robbery was illegal.

3. Appellant does not assert that the separate sentences violate the Double Jeopardy Clause of the Pennsylvania or United States Constitution.

■ The Commonwealth argues that appellant has waived the merger claim because he did not present it despite several opportunities to do so: on direct appeal from his sentence in 1975, when his probation was revoked in 1978, and on appeal from revocation of probation in 1978. In *Commonwealth v. Campbell*, —— Pa.Super. ——, 505 A.2d 262 (1986), we held that a claim of illegal sentence based on the merger of the underlying convictions cannot be waived. Therefore, appellant's failure to raise the merger issue, despite numerous opportunities to do so does not bar our consideration of the issue.

In *Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d 31 (1985), an *en banc* panel of this Court reconsidered the common law doctrine of merger. The court stated that to determine whether merger has occurred the court must first determine whether the separate statutory offenses arose out of the same criminal act, transaction or episode. If not, there is no merger. But even if the criminal conduct consisted of only a single physical act, the separate statutory offenses do not merge if the Commonwealth has substantially different interests at stake and each is injured by the defendant's single act. Therefore, if the court determines that only one criminal act occurred which gives rise to the multiple statutory offenses, the court must then decide whether the statutes defining the crimes charged were directed to substantially the same harm. The latter part of the merger test requires an inquiry into the legislative intent in enacting the different statutory crimes as well as a consideration of the essential elements of the crimes.

■ In the case before us, the certified record is meager. Nevertheless, from the facts recited in the Complaint and the factual averments contained in the Bills of Indictment, we have determined that the crimes of aggravated assault and robbery merged. The Complaint recites that appellant took part in a robbery at a bar in which the bartender, Eugene Anderson, was shot. The third count of the robbery indictment recites that "in the course of committing a theft, [appellant] feloniously did commit or threaten to

commit a felony of the first or second degree." The felony which was threatened or committed is identified as aggravated assault and murder, and the victim as Eugene Anderson. Appellant was also indicted for aggravated assault, and that indictment lists Eugene Anderson as the victim. Both the indictment for robbery and the indictment for aggravated assault list the same date of occurrence. Based on these facts, it appears that only one physical act was committed: appellant shot the bartender while trying to rob the bar. In *Commonwealth v. Ayala,* 492 Pa. 418, 421, 424 A.2d 1260, 1262 (1981), the Supreme Court stated that "a conviction for aggravated assault where only one victim is involved ... will merge with a conviction for criminal attempt to commit robbery for purposes of sentencing." Similarly, the aggravated assault would also merge with the completed crime of robbery where there is only one victim. See, *Commonwealth v. Nelson,* 337 Pa.Super. 292, 486 A.2d 1340 (1984).

It is also clear from the statutory language and the necessary elements of the aggravated assault and robbery offenses that the harm against which the legislature intended to protect by enacting the aggravated assault statute is part of the same harm against which the robbery statute is intended to protect: the infliction of bodily injury. See 18 Pa.C.S. §§ 2702(a)(1) and 3701(a)(1)(i)–(v). Although the elements of the crime of robbery and aggravated assault are not identical, those for the crime of robbery suggest that the purpose of the robbery statute is not only to protect private property interests, but also to protect against the infliction of bodily injury when one's property interest is being jeopardized. Because the only harm against which the crime of aggravated assault protects is actual or threatened physical bodily injury, and because this is one of the harms against which the robbery statute protects, the aggravated assault statute protects against the same harm as the robbery statute. Appellant's commission of both an aggravated assault and a robbery caused only one harm to the Commonwealth in this case and

therefore the two crimes merged. Thus, appellant correctly argues that the two crimes merged for purposes of sentencing. That, however, is not dispositive of his claim for relief.

■ When two crimes merge for sentencing purposes, the crime to which the legislature has attached the lesser possible maximum penalty merges into the crime to which the legislature has attached the greater possible maximum penalty. *Commonwealth v. Kozrad*, 346 Pa.Superior Ct. 470, 499 A.2d 1096 (1985); *Commonwealth v. Sayko*, 333 Pa.Super. 265, 482 A.2d 559 (1984); *Commonwealth v. Boerner*, 281 Pa.Super. 505, 422 A.2d 583 (1980). Therefore, although we agree with appellant that his crimes merged, we disagree with his conclusion that the crime of robbery merged into the crime of aggravated assault. Because a greater sentence could have been imposed for the robbery conviction than for the aggravated assault conviction, the aggravated assault crime merged into the robbery. Thus, only the aggravated assault sentence was illegal. The sentence for robbery, the one appealed from, is legal and will be affirmed.

Even though the sentence for aggravated assault expired approximately nine years ago, the illegality of the sentence is not moot. In *Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971), the Pennsylvania Supreme Court held that when a criminal sentence has been fully satisfied, a collateral attack upon the underlying conviction is not moot and can be considered if it is shown that the criminal sentence may directly affect any subsequent criminal prosecution or conviction. In *Commonwealth v. Doria*, 468 Pa. 534, 364 A.2d 322 (1976), this rule was expanded to apply even if one could not show any criminal consequences but could show actual civil consequences. In *Commonwealth v. Rohde*, 485 Pa. 404, 402 A.2d 1025 (1979), the Supreme Court again expanded the rule to include those cases in which the appellant could show only the possibility of civil consequences. In each of these cases, the issue which was held not to be moot was the validity of the conviction.

In *Commonwealth v. Kelly*, 274 Pa.Super. 242, 418 A.2d 387 (1980), after being sentenced to a three year prison term which was to run consecutively to a Florida prison sentence and concurrent with a different Pennsylvania sentence, appellant attempted to challenge the court's interpretation of his sentence, i.e., when it was to be served. The court held that when a defendant appeals the trial court's interpretation of his sentence and does not challenge the legality of either the sentence or the underlying conviction and the sentence is completed before the appeal is decided, the case is moot unless there is a possibility of collateral consequences which arise from the interpretation of the sentence. We specifically expressed no view as to whether the case would be moot if the appellant had attacked the legality of the sentence.

This issue which we did not address in *Kelly* is now squarely before us. There can be no doubt that the legality of appellant's sentence which has already expired has direct criminal consequences. Appellant may be entitled to credit for the time served on his illegal sentence. Therefore, following the rationale of *Sheehan, Doria, Rohde,* and *Kelly,* even though the sentence which was illegal has been fully served, the issue of the legality of the sentence is not moot in this case.

■ Although the prison sentence for aggravated assault which appellant has fully served was illegal, the longer sentence for appellant's robbery conviction stemming from the same criminal act giving rise to the aggravated assault conviction was legal and has not yet been fully served. Because the two sentences—one for aggravated assault and one for robbery—were imposed for the same criminal act, only one of them, the robbery sentence, can legally be imposed. Because appellant has been required to serve an illegal sentence for the one act which gave rise to both the aggravated assault and robbery convictions, and because the legal sentence for the one criminal act has not yet expired, appellant should receive credit on the legal sentence for the time served on the illegal sentence.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2656 (1969), the United States Supreme Court said:

We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed.

Although the instant case does not involve a subsequent conviction for the same offense as in *Pearce*, it does involve the same question of double punishment for a single crime. Just as in *Pearce*, the years of imprisonment appellant was required to serve under the illegal aggravated assault sentence cannot be given back to him. But because he still must serve a term of imprisonment under the lawful sentence resulting from the same criminal act, those years can and must be given back to him as credit for time served.

We find additional support for this conclusion in *Commonwealth v. Sayko*, 333 Pa.Super. 265, 482 A.2d 559 (1984). In *Sayko*, appellant pled guilty to indecent assault, indecent exposure, and corruption of minors. He was sentenced to consecutive sentences of one to two years for indecent assault, one to two years for indecent exposure, and five years probation for corruption of minors. Three and one half years after being sentenced (i.e.) after 1¾ of his two prison sentences were satisfied, appellant questioned the legality of his sentences based on the merger doctrine. The Court agreed that either indecent assault *or* indecent exposure merged with corruption of minors and therefore remanded for resentencing on all counts. The Court also stated that appellant was to be given credit for time served.

*Sayko* is not directly on point with the case before us because in *Sayko*, the merger did not apply to all the crimes charged but only to two of the three and because not all of

the prison sentences had expired. Therefore, at least part of the new sentence to be imposed would be for a separately punishable crime. Nevertheless, we believe *Sayko's* rule of credit for time served applies in the instant situation in which the sentence still to be served to which the credit for time served is to be applied is for the same criminal act as the illegal sentence that was imposed. Therefore, we conclude that appellant is entitled to credit for time served on the illegal aggravated assault sentence.

Judgment of sentence for robbery affirmed.

BROSKY, J., filed a concurring opinion.

WIEAND, J., filed a concurring opinion in which CAVANAUGH, J., joins.

McEWEN, J., filed a concurring opinion.

SPAETH, Former President Judge, did not participate in the final decision of this case.

BROSKY, Judge, concurring:

I join in the well-reasoned opinion of the majority except as to the issue of whether the crimes of aggravated assault and robbery merged for sentencing purposes in this case. Although I agree with the majority that they did merge, my analysis differs somewhat from that of the majority.

I disagree with the majority's conclusion that this case is one in which the crimes (i.e., robbery and aggravated assault) grew out of the same physical act, therefore necessitating an analysis of how many injuries the Commonwealth has suffered. Rather, I believe this case involves two physical acts: (1) the shooting of the bartender and (2) the taking of property from the bar. In a case where crimes arise out of the same criminal transaction or episode, but not the same physical act, the relevant inquiry is whether the two crimes necessarily involve one another such that proof of the same facts will prove both crimes. *Commonwealth v. Ayala*, 492 Pa. 418, 424 A.2d 1260 (1981); *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21

A.2d 920 (1941); *Commonwealth v. Williams,* 344 Pa.Super. 108, 496 A.2d 31 (1985) (en banc).

In *Williams,* this Court described this analysis for precisely the two crimes which we have before us.  We stated:

> Suppose a defendant robs his victim, and wantonly injures or tries to kill him as well; such a case raises a legitimate question whether the defendant has actually done two substantially different injuries to the peace and dignity of the Commonwealth.  Sometimes to prove that a theft was robbery it is necessary to prove an aggravated assault; if so the same facts will prove both robbery and assault and they will merge.  See *Commonwealth v. Nelson,* 337 Pa.Super. 292, 486 A.2d 1340 (1984).  The legislative intention to punish the defendant only once for the robbery would be apparent in such a case since the robbery statute has a built-in prohibition against inflicting serious bodily injury in the course of stealing property.  *See* 18 Pa.C.S. § 370(a)(i).  On the other hand, if an aggravated assault were not "necessarily involved" in the robbery and the prosecutor could prove each without proving the other, then maybe two separate offenses in fact were committed.  See, e.g., *Commonwealth v. Thompson,* 343 Pa.Super. 468, 495 A.2d 560 (1985).  A robbery can be carried out by the infliction of serious injury, but it can also be accomplished by mere threats of force ("terroristic threats") or simple assault; the commission of robbery by these or any means does not give the robbery carte blanche to engage in as many repeated attempts on the life or well-being of the victim as the circumstances allow.

*Id.,* 344 Pa.Superior Ct. at 135, 496 A.2d at 45.

In the instant case, the record indicates that in order to prove that the theft of the bar was robbery, it was necessary to prove that appellant inflicted serious bodily injury upon the bartender, i.e., committed an aggravated assault upon him.  Once the robbery was proven, the aggravated assault was proven and, thus, it must be concluded that those crimes merge.  It is not necessary before reaching

this conclusion to first analyze the harms against which the legislature intended the robbery and aggravated assault statutes to protect because "[t]he legislative intention to punish the defendant only once for the robbery would be apparent in such a case since the robbery statute has a built in prohibition against inflicting serious bodily injury in the course of stealing property." *Id.* For these reasons, I agree with the majority's conclusion that the crimes of aggravated assault and robbery must be deemed to have merged for sentencing purposes.

WIEAND, Judge, concurring:

I agree with the majority that a trial court may correct a clerical error, and I join that portion of the majority's opinion.

For reasons stated in my Concurring Opinion in *Commonwealth v. Campbell,* —— Pa.Super. ——, 505 A.2d 262 (1986), I would hold that the merger of offenses for sentencing purposes was waived by appellant's failure to raise it when he was previously sentenced to probation for robbery.

Moreover, I am unable to agree that where, as here, the robber shot and injured another during the course of a robbery, the offenses should merge for the purpose of imposing sentence. The robbery was complete when, in order to commit a theft, appellant used a gun to put his victim in fear of immediate serious bodily injury. When he thereafter shot his victim he committed a separate offense of aggravated assault for which he could properly be sentenced separately.

I concur that the judgment of sentence for robbery should be affirmed.

CAVANAUGH, J., joins.

McEWEN, Judge, concurring:

The esteemed author of the majority view has, in his usual fashion, very thoroughly analyzed the assertions of appellant and quite persuasively expressed the reasons why

524

this appeal must be rejected. I join in the rulings of the majority in every respect save one, namely, I share the concurring thought of our learned colleague, Judge Donald E. Wieand, that the offense of aggravated assault followed and was thereby separate and distinct from the crime of robbery. Thus, I too conclude the offenses do not merge for sentence.