J-S53035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNA PILLING | : | |
| | : | |
| Appellant | : | No. 2121 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 25, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006595-2017

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: MAY 17, 2021**

Appellant Donna Pilling appeals from the judgment of sentence entered following a jury trial and conviction for endangering the welfare of a child (EWOC).[1]  On appeal, she contends the trial court illegally sentenced her to pay non-mandatory fines and mandatory court costs, which included the cost of prosecution and probation supervision fees without determining her ability to pay.  We vacate the judgment of sentence in part and remand for further proceedings.

A detailed summary of the facts is unnecessary.  A jury found Appellant guilty of EWOC on March 15, 2018.  N.T. Trial, 3/15/18, at 33.  The trial court

_____

[1] 18 Pa.C.S. § 4304(a)(1).  The offense was graded as a first-degree misdemeanor.  **See** N.T. Sentencing, 6/25/18, at 3; **accord** N.T. Trial, 3/14/18, at 15.  There is no mandatory fine for Appellant's EWOC conviction.

ordered a pre-sentence investigation report[2] and sentencing was held on June 25, 2018. That day, the court sentenced her to time-served to six months' imprisonment followed by two years' probation. The trial court also sentenced Appellant to pay court costs in the amount of $3,723.75, and a fine of $200.00, for a total of $3,923.75. **See** N.T. Sentencing Hr'g, 6/25/18, at 16; Docket. The trial court did not inquire into Appellant's ability to pay. According to the docket, Appellant paid her costs and fine in full on July 13, 2018. **See** Docket. Appellant did not file a post-sentence motion.

On July 16, 2018, Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. Appellant's Rule 1925(b) statement raised two issues, neither of which challenged the propriety or legality of the fees and costs imposed by the trial court. Rule 1925(b) Statement, 10/11/18.

Appellant raises one issue in her appellate brief:

1. Did the [trial] court err in imposing a fine, costs, and fees at sentencing without making a determination regarding [Appellant's] ability to pay?

Appellant's Brief at vii (footnote omitted).[3]

Appellant argues that her challenge to the trial court's imposition of fines and costs can be raised for the first time on appeal. **Id.** at 6. Appellant

---

[2] The pre-sentence investigation was not included in the certified record transmitted to this Court.

[3] In the footnote, Appellant states that she withdraws the issues raised in her Rule 1925(b) statement.

reasons that the trial court failed to comply with Pa.R.Crim.P. 706(C) and 42 Pa.C.S. § 9726(c) by not inquiring into her ability to pay. *Id.* at 6-8. Appellant requests that this Court vacate her judgment of sentence in part, specifically with respect to the fines and costs, and remand for a hearing on her ability to pay. *Id.* at 13.[4]

A defendant cannot waive a challenge to the imposition of non-mandatory fines and mandatory costs to the extent it concerns a defendant's ability to pay, as such a claim implicates the legality of sentence. **See Commonwealth v. Boyd**, 73 A.3d 1269, 1270 (Pa. Super. 2013) (*en banc*); **Commonwealth v. Snyder**, --- A.3d ---, ---, 2021 PA Super 63, 2021 WL 1324388, at *10, *11 n.13 (Pa. Super. filed Apr. 9, 2021); **see also Commonwealth v. Lehman**, 201 A.3d 1279, 1283 (Pa. Super. 2019), *aff'd*, 243 A.3d 7 (Pa. 2020). "A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." **Commonwealth v. Childs**, 63 A.3d 323, 325 (Pa. Super. 2013) (citation and quotation marks omitted). Additionally, the interpretation of the Pennsylvania Rules of Criminal Procedure presents a question of law for which our standard of review is *de novo* and our scope of review plenary. **Commonwealth v. Kemick**, 240 A.3d

---

[4] The Commonwealth argues, among other things, that Appellant's issue is moot because Appellant paid her fines and costs in full. Commonwealth's Brief at 6.

214, 219 (Pa. Super. 2020). Finally, a challenge to an illegal sentence that has been fully served is not moot. **Commonwealth v. Adams**, 504 A.2d 1264, 1271 (Pa. Super. 1986) (*en banc*) (plurality).[5]

Rule 706(C) provides as follows:

The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

Pa.R.Crim.P. 706(C). Section 9726(c)(1), in relevant part, states that a trial court "shall not sentence a defendant to pay a fine unless it appears of record that . . . the defendant is or will be able to pay the fine . . . ." 42 Pa.C.S. § 9726(c)(1).

Recently, an *en banc* panel of our Court considered whether the trial court was required to determine the defendant's ability to pay before imposing court costs at sentencing. **See Commonwealth v. Lopez**, --- A.3d ---, 2021 PA Super 51, 2021 WL 1096376 (Pa. Super. filed Mar. 23, 2021) (*en banc*). In **Lopez**, this Court concluded that although the trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only requires the trial court to hold such a hearing when the defendant faces incarceration for failure to pay court costs that were previously imposed. **Id.** at *1, *5.

---

[5] A majority of the **Adams** Court joined the portion of the lead opinion regarding mootness.

In contrast, in **Snyder**, a jury found the defendant guilty of various offenses and the trial court imposed a $500 non-mandatory fine as part of the defendant's sentence without inquiring into the defendant's ability to pay. **Snyder**, 2021 WL 1324388, at *1, *9.  The **Snyder** Court agreed with the defendant's argument that the "law is clear that the [c]ourt must consider a defendant's ability to pay fines prior to their imposition.  The sentencing order should be vacated and the matter remanded for sentencing."  **Id.** at *10 (citation omitted and formatting altered).  In support, the **Snyder** Court approvingly quoted "trial courts are without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them."  **Id.** at *11 (quoting **Commonwealth v. Ford**, 217 A.3d 824, 829 (Pa. 2019)).  The **Snyder** Court held that the defendant was entitled to relief under **Ford** and Section 9726(c)(1), and "vacate[d] that portion of [the defendant's] sentence requiring him to pay fines and remand for resentencing in conformity" with Section 9726(c).  **Id.**[6]

Instantly, the fact that Appellant paid her fines and costs in full does not make her challenge to an illegal sentence moot.  **See Adams**, 504 A.2d at 1271.  The instant trial court, identical to the trial court in **Snyder**, failed to inquire into Appellant's ability to pay fines.  **See Snyder**, 2021 WL 1324388,

---

[6] We add that the **Snyder** Court rejected the defendant's similar challenge to the imposition of costs based on the reasoning in **Lopez**.  **Snyder**, 2021 WL 1324388 at *12.

at *1, *9. Based on the reasoning of the **Snyder** Court, we also vacate the portion of Appellant's sentence requiring her to pay a fine of $200.00 and remand for resentencing in accordance with Section 9726(c). **See id.** at *11.

As to Appellant's challenge to the trial court's imposition of $3,723.75 for mandatory court costs, however, no relief is due, consistent with **Lopez** and **Snyder**. **See Lopez**, 2021 WL 1096376, at *1, *5; **Snyder**, 2021 WL 1324388 at *12. Instantly, it is undisputed that Appellant was not facing incarceration for failing to pay previously imposed court costs. Accordingly, consistent with **Lopez**, the trial court did not abuse its discretion nor commit error when it assessed court costs without holding an ability to pay hearing. **See Lopez**, 2021 WL 1096376, at *1, *5; **Snyder**, 2021 WL 1324388 at *12. For these reasons, we affirm the judgment of sentence in part and vacate in part, specifically the imposition of fines.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing on fines. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/21