J-S35040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN ALBERT POWANDA | : | |
| | : | |
| Appellant | : | No. 1830 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 8, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000753-2023

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.: FILED: APRIL 22, 2026

Justin Albert Powanda ("Powanda") appeals from the judgment of sentence imposed following the revocation of his probation. Additionally, Powanda's court-appointed counsel, Ashley Sabol, Esquire ("Attorney Sabol"), has filed a petition to withdraw from representation and a brief styled pursuant to **Anders v. California**, 386 U.S. 738 (1967). We grant Attorney Sabol's petition and affirm the judgment of sentence.

In March 2024, a jury convicted Powanda of possession of a controlled substance, possession of a small amount of marijuana, and possession of drug paraphernalia.[1] For these crimes, the trial court imposed an aggregate sentence of twenty-four months' probation. In October 2024, the Commonwealth filed a motion to revoke Powanda's probation, alleging that he

---

[1] **See** 35 P.S. §§ 780-113(a)(16), (31)(i), (32).

was in violation of his probation for, *inter alia*, incurring new criminal charges,[2] failing to report to the adult probation office on multiple occasions, and failing to submit to drug and urinalysis testing. **See** Motion to Revoke Probation, 10/30/24, at unnumbered 4-5. On November 8, 2024, the trial court held a hearing on the motion, during which Powanda stipulated to the Commonwealth's pending charges against him, and his supervising probation officer testified to his noncompliance with the conditions of his probation. At the conclusion of the hearing, the trial court revoked Powanda's probation and imposed an aggregate term of six to twelve months' imprisonment, with an effective start date of October 15, 2024, as a result of Powanda's receipt of credit for time served. **See** Order, 11/8/24, at unnumbered 1. Notably, while before the court, Powanda did not raise any objection pertaining to the weight of the evidence supporting the court's revocation determination or to any aspect of the revocation sentence.

Attorney Sabol filed a timely motion for reconsideration of Powanda's revocation sentence on the basis that Powanda "indicated [to her] that he wanted such a motion filed because no personal questions were asked of him"

---

[2] The Commonwealth identified the new criminal charges as follows: "DUI: controlled substance – impaired ability – 2nd offense[;] possession of a controlled substance[;] possession of drug paraphernalia[;]" and "driving without a license[.]" Motion to Revoke Probation, 10/30/24, at unnumbered 5 (unnecessary capitalization omitted). Powanda incurred these new charges "approximately [fifteen] days" after the start of his probationary sentence. N.T., 11/8/24, at 8.

- 2 -

during the revocation hearing, "he believe[d] that no one listened to him[,] that he was rushed through this hearing because the court had to hurry up for bench warrant hearings at 11 a.m.[,]" and that the trial court "had been put off by the defendant prior to him [who] had 'whipped the middle fingers at the court' [and thus] affected the outcome of his hearing." Motion to Reconsider Sentence, 11/15/24, at unnumbered 2 (unnecessary capitalization omitted). The motion for reconsideration of sentence did not assert any claim that the trial court's revocation determination was against the weight of the evidence.

The trial court held a hearing on the motion, during which defense counsel read from a document that Powanda had provided to her, and in which he asserted that: (1) this was his first ever probation violation; (2) he was unaware that his probation had started when he incurred the new criminal charges; (3) he had multiple medical conditions that prevented him from reporting while on probation; (4) he had custody of his children; and (5) he was a caregiver to his mother and stepfather, who were battling cancer and Parkinson's disease respectively. Again, Powanda did not raise any oral challenge to the weight of the evidence supporting the trial court's revocation determination. At the conclusion of the hearing, the trial court denied Powanda's motion for reconsideration. Powanda filed a timely notice of

appeal,[3] and the trial court ordered him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Powanda then filed a concise statement in which he raised a single claim of error; namely, that the trial court's revocation determination was against the weight of the evidence. The trial court thereafter authored an opinion pursuant to Rule 1925(a). In this Court, Attorney Sabol has filed a petition to withdraw and an **Anders** brief. Powanda did not respond to the petition or the **Anders** brief.

Before we may address the merits of the issues raised in the **Anders** brief, we must first assess the petition to withdraw from representation to determine whether it meets certain procedural requirements. ***See***

---

[3] Because the trial court imposed Powanda's revocation sentence via a sentencing order filed on November 8, 2024, the thirty-day period for filing a timely notice of appeal expired on December 9, 2024. ***See*** Pa.R.A.P. 903(a) (providing that "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken"); ***see also*** Pa.R.Crim.P. 708(E) (explaining that the filing of a motion to modify a revocation sentence will not toll the thirty-day appeal period). Here, the docket indicates that Powanda did not file his notice of appeal until December 17, 2024, after the thirty-day appeal deadline had expired. However, we note that when the trial court issued its order denying Powanda's motion for reconsideration, a breakdown occurred where the order did not advise Powanda of his time remaining to file a notice of appeal, as it instead erroneously indicated that he had thirty days from the order to do so. ***See Commonwealth v. Patterson***, 940 A.2d 493 (Pa. Super. 2007) (holding that the trial court's failure to advise the appellant of the time remaining to file a notice of appeal in its order denying his post-sentence motion, as required by Pa.R.Crim.P. 720(B)(4)(a), constituted a breakdown excusing his subsequent untimely appeal). Thus, we treat Powanda's appeal as timely. ***See id***.

*Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An *Anders* brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the *Anders* brief to the client, and a letter that advises the client of the right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa. Super. 2018) (*en banc*) (*quoting Anders*, 386 U.S. at 744).

Here, in the *Anders* brief, Attorney Sabol provided a procedural and factual history of the case with citations to the record, discussed the issues arguably supporting the appeal, and explained why she concluded that they were frivolous. *See Anders* Brief at 5-8. Attorney Sabol also mailed a copy of the *Anders* brief to Powanda, and in her cover letter advised him that he could raise any additional issues before this Court *pro se* or with private

counsel. *See* Application to Withdraw as Counsel, 3/26/25, at unnumbered 1-2. As Attorney Sabol has substantially complied with the requirements of *Anders* and *Santiago*, we will conduct an independent review to determine whether the appeal is frivolous.

In the *Anders* brief, Attorney Sabol identifies the following issues for our review:

1. Whether the trial court's finding that [Powanda] violated his terms of probation is contrary to the weight of the evidence.

2. Whether the sentence imposed by the trial court was unreasonably harsh and excessive.

*Anders* Brief at 4.

The first issue that Attorney Sabol identifies in the *Anders* brief presents a challenge to the weight of the evidence. However, before we may review the merits of this issue, we must first determine whether Powanda preserved it for our review. A claim that a verdict is against the weight of the evidence must be raised in a motion for a new trial either: (1) orally on the record, before sentencing; (2) in a written presentence motion; or (3) in a post-sentence motion. *See* Pa.R.Crim.P. 607(A). The failure by a defendant to avail himself of the prescribed methods of presenting a weight claim to the trial court results in a waiver of the issue on appeal. *See Commonwealth v. Wright*, 846 A.2d 730, 737 (Pa. Super. 2004).

In the instant case, our review of the record reveals that Powanda did not raise his weight of the evidence issue before the trial court, either orally

on the record before sentencing, in a written presentence motion, or in a post-sentence motion. **See** Pa.R.Crim.P. 607(A). Instead, he raised it for the first time in his Rule 1925(b) concise statement, which is insufficient to preserve it for appellate review. **See Commonwealth v. Sherwood**, 982 A.2d 483 (Pa. 2009) (holding that the appellant's inclusion of an issue challenging the weight of the evidence in his Rule 1925(b) statement did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion); **see also** Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal). Thus, because Powanda failed to preserve his weight challenge for our review, it is waived.

The second issue that Attorney Sabol identifies in the **Anders** brief presents a challenge to the discretionary aspects of Powanda's sentence. Once more, however, we must determine whether Powanda preserved this issue for our review. Pertinently, when a trial court directs a defendant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), any issues not raised in that statement are waived. **See** Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the [concise s]tatement . . . are waived"); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998) (holding that "[a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal

pursuant to Rule 1925[, and a]ny issues not raised in a 1925(b) statement will be deemed waived").

Here, although Powanda complied with the trial court's Rule 1925(b) order by filing a concise statement, he did not therein raise a challenge to the discretionary aspects of his sentence. Accordingly, Powanda's failure to include this challenge within his Rule 1925(b) concise statement requires us to conclude that his second issue is also waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Lord*, 719 A.2d at 308.

However, before we may grant Attorney Sabol's petition to withdraw and subsequently dispose of Powanda's appeal, we must first conduct an independent review of the record to determine whether defense counsel might have overlooked any meritorious issues. *See Dempster*, 187 A.3d at 271.

Pertinently, when the trial court imposed Powanda's revocation sentence on November 8, 2024, his sentence was subject to the version of 42 Pa.C.S.A. § 9771(c) amended by Act 44 of 2023 ("Act 44"). *See* Act of Dec. 14, 2023, P.L. 381, No. 44 (effective June 11, 2024). In Act 44, our legislature imposed certain restrictions on a court's ability to resentence an individual in violation of their probation to total confinement. *See* 42 Pa.C.S.A. § 9771(c). These amendments included "a presumption against total confinement for technical violations of probation[,]" as well as a list of scenarios whereby a "court may impose a sentence of total confinement upon revocation[.]" 42 Pa.C.S.A. § 9771(c)(1). Briefly, these scenarios included a finding that: (1) "the

defendant has been **convicted** of another crime[;]" (2) there is "clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and . . . cannot be safely diverted from confinement through less restrictive means;" or (3) the defendant committed a certain type of technical violation, as further enumerated within the statute. 42 Pa.C.S.A. § 9771(c)(1)(i)-(iii) (emphasis added). Crucially, the statute goes on to clarify that where "a court imposes a sentence of total confinement following a revocation, the basis of which is one or more technical violations[,]" a court may only impose "a maximum period of [fourteen] days[']" confinement as a result of a defendant's "first technical violation[.]" 42 Pa.C.S.A. § 9771(c)(2)(i).

Here, the Commonwealth moved to revoke Powanda's probation as a result of, *inter alia*, his incurrence of new criminal charges and his failure to adhere to the technical requirements of his probation. However, at the time of Powanda's revocation hearing, Powanda had not yet been convicted of any of these criminal charges. Thus, when the trial court revoked Powanda's probation at the conclusion of the hearing, it could have only done so as a result of his technical violations. As such, to the extent that this was Powanda's first technical violation and his technical violations satisfied the requirements of section 9711(c)(1)(ii) or (iii), his revocation sentence would have been statutorily limited to a maximum prison term of fourteen days. **See** 42 Pa.C.S.A. § 9771(c)(2)(i). Accordingly, Powanda's revocation sentence of

six to twelve months in prison exceeded the fourteen-day maximum period of total confinement permitted by section 9771(c)(2)(i).

Attorney Sabol did not raise this issue in her March 2025 **Anders** brief; thus, we conclude that she overlooked it. **See Dempster**, 187 A.3d at 271. Notably, in May 2025, a panel of this Court held that the question of whether a trial court fails to comply with the amended version of section 9771(c) is an issue implicating the discretionary aspects of sentencing, which must be preserved by raising the issue at sentencing or in a post-sentence motion. **See Commonwealth v. Slaughter**, 339 A.3d 456, 464 (Pa. Super. 2025).[4] However, an *en banc* panel of this Court recently overruled this holding in **Slaughter**, ruling instead that a claim that the trial court failed to adhere to section 9771(c) when resentencing a probationer to a period of total confinement implicates a sentence's legality, which cannot be waived. **See Commonwealth v. Seals**, 2026 WL 739101, 2026 Pa. Super. LEXIS 82 (Pa. Super. 2026) (*en banc*).

Given that the question of whether the trial court imposed an illegal sentence in violation of section 9771(c) could be raised by Powanda for the first time in this direct appeal from his revocation sentence, this Court would ordinarily resolve the matter by directing Attorney Sabol to file an advocate's

---

[4] Under **Slaughter**, Attorney Sabol could not have included this issue in her **Anders** brief, as Powanda did not preserve any discretionary sentencing claim that the trial court violated section 9771(c) by raising the issue at sentencing or in a post-sentence motion.

brief with respect to this issue. However, Powanda finished serving his sentence during the pendency of this appeal.[5] Accordingly, any such directive would be futile, as the issue is now moot. *See Commonwealth v. King*, 786 A.2d 993, 996 (Pa. Super. 2001) (holding that any "challenge to the legality of [a] sentence, which has expired and which bears no collateral civil or criminal consequences, is moot and will not be addressed by this Court"); *see also Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa. Super. 2009) (same); *see also Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa. Super. 2009) (explaining that "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect").[6] Thus, because there is no form of relief that we could grant Powanda on this issue that would have any present legal force or effect, we decline to take any

---

[5] As explained *supra*, the trial court set the effective date of Powanda's six-to-twelve-month revocation sentence as October 25, 2024. Thus, he would have completed serving this sentence, either in prison or while on parole, on October 25, 2025.

[6] There is no indication in the record that Powanda could apply any credit for the time he served to another sentence, nor is there any indication that his completion of the revocation sentence in question could result in any other collateral civil or criminal consequence. *See King*, 786 A.2d at 996; *see also Schmohl*, 975 A.2d at 1149; *cf. Commonwealth v. Adams*, 504 A.2d 1264, 1271 (Pa. Super. 1986) (*en banc*) (holding appellant's meritorious challenge to the legality of his sentence was not moot despite its having expired at the time of appeal, as the sentence had "direct criminal consequences" in the form of potential "credit for the time served on [the] illegal sentence" with respect to a remaining consecutive sentence).

further action on this matter.  **See Nava**, 966 A.2d at 633; **see also King**, 786 A.2d at 996; **Schmohl**, 975 A.2d at 1149.

Consequently, as our independent review of the record discloses no further meritorious issues that counsel might have missed, and because we determined previously that both of Powanda's issues on appeal are waived, we grant Attorney Sabol's petition to withdraw and affirm Powanda's judgment of sentence.  **See Dempster**, 187 A.3d at 271.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judge Murray joins the memorandum.

Judge Olson concurs in result.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2026