J-S68023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| SHERMAN COLEMAN | | |
| Appellant | | No. 40 WDA 2016 |

Appeal from the PCRA Order entered December 7, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000275-1988
CP-02-CR-0000279-1988
CP-02-CR-0000281-1988

BEFORE:    SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 15, 2016**

Appellant, Sherman Coleman, appeals *pro se* from the order denying his motion to compel, which the trial court treated as a serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant, who is incarcerated at the State Correctional Institution at Albion, is serving sentences for convictions in 1988, the facts of which are not relevant to our disposition of this appeal. At issue here is his *pro se* motion to compel, which was dated September 27, 2015, and docketed on

_____

[*] Retired Senior Judge assigned to the Superior Court.

October 2, 2015. The motion seeks copies of the orders under which Appellant was sentenced, and requests that the court "exercise its Supervisory Powers/Authority and issue an ORDER of Court directed to Kate Barkman, Esquire, Director, Department of Court Records directing and/or commanding that she forthwith provide this Petitioner with a copy of the specified separate sentencing order(s) or a verified statement, stating that these court document(s) are not in her possession, under her custody or under her control." Motion to Compel, 10/2/15, at 6. On November 17, 2015, Appellant filed a motion to expedite his motion to compel.

In a decision by the Honorable John Zottola, the trial court treated Appellant's filings as requests for post-conviction relief, and issued an order denying relief on December 7, 2015. Appellant mailed a notice of appeal, dated December 17, 2015, from prison, and the appeal was docketed on January 7, 2016.[1] On February 16, 2016, the court filed an opinion stating that it denied the motion because it was time-barred under the PCRA. Trial Court Opinion, 2/16/16.

In his Statement of Questions Involved, Appellant presents one question for our review, stated as follows:

> APPELLANT CONTENDS THAT JUDGE JOHN A. ZOTTOLA, ABUSED ITS [*sic*] DISCRETION BY RULING ON A MATTER IN

---

[1] Under the "prisoner mailbox rule," courts deem a *pro se* document "filed" on the date it is placed in the hands of prison authorities for mailing. ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011).

WHICH HE DID NOT HAVE THE AUTHORITY/JURISDICTION TO DO, AS HE IS NOT A PRESIDENT JUDGE OF THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA?

Appellant's Brief at 6.

Before we proceed to address the substance of Appellant's claim, we turn to the Commonwealth's observation that Appellant's motion to compel did "not appear to challenge the propriety of his conviction or sentence," and therefore "does not appear to be contemplated by the PCRA, nor does the Act offer an available remedy." Commonwealth Brief at 12 n.14. The Commonwealth further notes that, despite the lower court's treatment of Appellant's claim under the PCRA, this Court may affirm a lower court on different grounds, and suggests that we do so, "because the record shows that copies of [the sentencing orders that Appellant seeks] were, in fact, sent to [Appellant]." Commonwealth Brief at 9; *see also Commonwealth v. Thompson*, 778 A.2d 1215, 1223 n.6 (Pa. Super. 2001) (it is well settled that we may affirm on different grounds from those advanced by the trial court).

Relative to treatment under the PCRA, we have explained:

PCRA review is limited to defendants who claim that they were wrongfully convicted and/or are serving an illegal sentence. 42 Pa.C.S. § 9542; [*Commonwealth v.*] *Judge*, [916 A.2d 511 (Pa. 2007)*; *Commonwealth v. West*, [938 A.2d 1034 (Pa. 2007)]*; see also Coady v. Vaughn*, 564 Pa. 604, 770 A.2d 287 (2001) (Castille, J. concurring). The specifically-enumerated substantive issues that are reviewable pursuant to the PCRA relate to matters affecting conviction and sentence. 42 Pa.C.S. § 9543(a)(2).

*Commonwealth v. Burkett*, 5 A.3d 1260, 1275 (Pa. Super. 2010). Appellant's appeal relates to an alleged denial of his motion to be supplied with copies of records (sentencing orders), and not to any denial of substantive relief with respect his conviction or sentence. Therefore, the Commonwealth is correct that Appellant's motion did not present a claim under the PCRA and, accordingly, is not time-barred under the PCRA. Thus, we proceed to review Appellant's claim independent of the lower court's invocation of the PCRA.

The single issue framed by Appellant's Statement of Questions Involved is whether his motion to compel should have been decided by the Honorable John Zottola of the Court of Common Pleas of Allegheny County, or whether it should have been decided instead by that Court's President Judge, the Honorable Jeffrey Manning. Appellant contends that Judge Zottola lacked jurisdiction to decide Appellant's motion to compel production of his sentencing orders and that a decision by Judge Zottola therefore deprived him of his rights. In his summary of argument, after asserting that he has a right to receive copies of the sentencing orders, Appellant states:

> Appellant further contends that he has a Statutory and Constitutional Right to be heard in the proper Court with jurisdiction to adjudicate a matter that is solely designated for the President Judge of the said Court of Common Pleas. Subsequently, the Honorable John A. Zottola, J., elected to rule upon a matter in which he lacked the proper jurisdiction/authority to deprive/deny this Appellant the same access to these court records/public information afforded to any branch of government or private/public citizen in this Commonwealth of Pennsylvania.

- 4 -

Appellant's Brief at 10.

Appellant bases his argument on Rule 116 of the Rules of Criminal Procedure, which provides:

> **Rule 116.** General Supervisory Powers of President Judge
>
> The President Judge shall be responsible for ensuring that the judicial district is in compliance with the Pennsylvania Rules of Criminal Procedure, other rules, and statutes, applicable to the minor judiciary, courts, clerks of courts, and court administrators.
>
> *Comment:* By this rule, the Supreme Court is imposing on the president judges the responsibility of supervising their respective judicial districts to ensure compliance with the statewide Rules of Criminal Procedure, other rules, and statutes.

Appellant reads this rule to give President Judge Manning exclusive supervisory authority over any matter relating to compliance with court requirements, and, therefore, exclusive jurisdiction over his motion for compliance with his request for court records.

Appellant misinterprets Rule 116. Although Rule 116 does indeed give supervisory authority to a judicial district's president judge, nothing in the rule addresses or limits the authority or jurisdiction of other criminal court judges to rule on criminal matters and cases to which they have been assigned, including cases dealing with compliance with Commonwealth statutes, rules, and other directives. The Judicial Code, 42 Pa. C.S. § 325(e)(1), states that the president judge shall "[b]e the executive and administrative head of the court, supervise the judicial business of the court, promulgate all administrative rules and regulations, make all judicial

- 5 -

assignments, and assign and reassign among the personnel of the court available chambers and other physical facilities." It therefore explicitly contemplates judicial assignments to other duly-commissioned judges. All judges on a court of common pleas have "unlimited original jurisdiction" of the matters before them. *See* 42 Pa. C.S. § 931(a). There is thus no merit to Appellant's argument that his motion to compel was within the exclusive jurisdiction of President Judge Manning and could not be heard by Judge Zottola.

The jurisdiction question is the only issue framed by Appellant's Statement of Questions Involved, and our rules provide that any issue not set forth in the Statement of Questions Involved is waived. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see also Commonwealth v. Samuel*, 102 A.3d 1001, 1005-1006 (Pa. Super. 2014) (relying on Rule 2116(a) in declining to address the merits of an argument that the appellant did not raise in his statement of questions raised on appeal). For this reason, Appellant has failed to preserve any other issue in this case.

We note, however, that much of Appellant's brief relates to his concern that, even though he has been provided with copies of the orders he seeks, he has not been provided with the correct copies of those orders. Appellant's sentences were entered at three dockets in the Allegheny County Court of Common Pleas: CP-02-CR-00275-1988; CP-02-CR-279-1988; and

CP-02-CR-00281-1988. Appellant concedes that he received copies of sentencing orders under those docket numbers from the Department of Court Records. Appellant's Brief at 12. Nonetheless, Appellant challenges the legitimacy or validity of the orders he was provided because "they are not separately titled, separately captioned, or separately entered in the appropriate Court of Common Pleas of Allegheny County Criminal Docket Entries." *Id.* Appellant maintains that the sentencing orders provided to him fail to comply with Pa.R.A.P. 301(b) ("[e]very order shall be set forth on a separate document"), and he appears to suggest that there therefore must be some other separate orders that he has not yet obtained. *See id.* at 12-13.[2]

The Commonwealth responds that Appellant was provided with copies of the orders endorsed on the back of each criminal information, and that these are the controlling orders in the case. *See* Commonwealth Brief at 10-11, *citing* **Commonwealth v. Fleming**, 480 A.2d 1214, 1223 (Pa. Super. 1984); **Commonwealth v. Thoma**s, 280 A.2d 651, 654 (Pa. Super. 1971). The Commonwealth observes further that because these orders are consistent with the sentencing transcript, there can be no question regarding

---

[2] To emphasize his point, Appellant appends to his brief copies of two orders that, he says, exemplify what a proper sentencing order should look like. *See* Appellant's Brief at 13. He provided these same examples to the trial court and to the Department of Court Records in support of his claim that he did not receive what he requested. *See id.* at 7-8.

their legitimacy. **Id.**, *citing* **Commonwealth v. Glunt**, 96 A.3d 365, 372 (Pa. Super. 2014) (lack of written sentencing order did not make sentence illegal because "[b]oth the criminal docket provided by the trial court and the transcript of the sentencing hearing confirm[ed] the imposition, and legitimacy, of [defendant]'s sentence"), **appeal denied**, 101 A.3d 787 (Pa. 2014). We note that Appellant has been able to appeal from and file PCRA petitions with respect to these same orders in the past, and that it is far too late to raise any issue now regarding their legitimacy or validity.

Because Appellant has not preserved any separate issue on this point, we have no need to address it further in this appeal, except to observe that the issue appears to be moot. Appellant's complaint is not that he failed to receive the orders that he requested, but that the orders that he received do not look the way that he believes the orders should look. Whether or not that is true, the Commonwealth concedes that the orders that were given to Appellant are the orders that exist. In light of these concessions, it appears that Appellant has received all that he requested.

Order affirmed.

Judge Shogan concurs in the result.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2016