Commonwealth *v.* Palmer, Appellant.

Submitted March 23, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Abraham T. Needleman, Joel D. Caney,* and *Needleman, Needleman, Tabb & Eisman,* for appellant.

*Judith Dean* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 16, 1972:

Appellant was convicted for illegal possession of narcotic drugs, a violation of The Drug, Device and Cosmetic Act. Act of September 26, 1961, P. L. 1664, §1 et seq., 35 P.S. 780-1-31. Although appellant was not indicted as a second offender, he was sentenced as such to two to seven years imprisonment. Appellant has appealed from the judgment of sentence.

On April 13, 1972, appellant's attorney filed a petition with this Court informing the Court that appellant died on April 3, 1972. This petition, which was joined in by the District Attorney's Office of the City and County of Philadelphia, requested our Court to decide appellant's case "[b]ecause of the vital legal issues involved."

Appellant's attorney contends that we should decide this appeal under the authority of *Commonwealth v. Walker*, 447 Pa. 146, 288 A. 2d 741 (1972). In *Walker* our Supreme Court indicated that where an appellant has died prior to a final appellate determination of his rights, "it is in the interest of both a defendant's estate and society that any challenge initiated by a defendant to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process."

After careful review of the record in this case, however, we do not believe that *Walker* would support the continuation of appellant's appeal. Where an appellant challenges the validity of his conviction, there is no question that the appellant has substantial individual interests which would survive his death. In the instant case appellant has raised no arguably meritorious substantive claims, his primary contention being that he was improperly sentenced. In these circumstances appellant's interests go no further than the sentence which he received. It would be inappropriate, therefore, for our Court to decide the sentencing question in this case.

Appeal dismissed.

JACOBS, J., concurs in the result.