418 A.2d 387

COMMONWEALTH of Pennsylvania

v.

Richard KELLY, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed Jan. 11, 1980.

Richard S. Wasserbly, Assistant Public Defender, Doylestown, for appellant.

John J. Kevlock, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Appellant appeals from the lower court's denial of his petition to adjust sentence. Because of events which have occurred since the appeal was taken, we dismiss the case as moot.

On December 4, 1974, the appellant pleaded guilty to burglary, theft, receiving stolen property and conspiracy to commit those acts. Pursuant to a negotiated plea the appellant was sentenced to three months to twelve months imprisonment. This sentence was to run consecutively to a Florida sentence and concurrently with previously imposed Pennsylvania sentences. At the time of this sentencing the appellant had served nine months of a six month to seven year Florida sentence and three and a half months of five Pennsylvania sentences. Four of the Pennsylvania sentences were to run two months to three years and one was to run one month to two years. All of the previously imposed Pennsylvania sentences were running concurrently with each other and concurrently with the Florida sentence.

On November 3, 1977, the appellant was released from the Florida sentence and was brought to Bucks County for the purpose of completing his sentence in the instant case.

On November 10, 1977, appellant petitioned the lower court to adjust his sentence. On November 21, 1977, the

petition to adjust sentence was denied and the appellant appealed to this court. However, on December 5, 1977, the appellant having served only about a month of the sentence in the instant case, was paroled for the remainder of the sentence and the parole expired on October 31, 1978, the defendant having served his sentence in full.[1]

Appellant contends that his sentence in the instant case was inconsistent since it could not run both concurrent with previously imposed Pennsylvania sentences and consecutive to the Florida sentence, because the Florida sentence was to run concurrent with the previously imposed Pennsylvania sentences. Since the sentence resulted from a negotiated plea the appellant argues that any inconsistency should be resolved in his favor. If the inconsistency were resolved to favor the appellant, appellant argues the sentence would be adjusted to run concurrently with the previously imposed Pennsylvania sentences, all of which had expired and the appellant would be free. Because of our disposition of the case we decline to consider whether the sentence is inconsistent and whether it was properly interpreted by the court below.

It is well established that appellate courts in Pennsylvania will not ordinarily decide moot questions. *In re Gross*, 476 Pa. 203, 209, 382 A.2d 116, 119 (1978); *Commonwealth ex rel. Watson v. Montone*, 227 Pa.Super. 541, 545, 323 A.2d 763, 765 (1974). Moreover, a question raised on appeal may become moot by events which occur after the appeal was filed. *Commonwealth v. Joint Bargaining Committee, etc.*, 484 Pa. 175, 177, 398 A.2d 1001, 1002 (1979).

The instant case is similar to *Commonwealth v. Palmer*, 221 Pa.Super. 439, 292 A.2d 428 (1972). In *Palmer* the defendant was convicted of illegal possession of narcotics and his sole claim on appeal was that he was improperly

1. On December 14, 1977, the notice of appeal was filed in the lower court: Judge Ludwig's opinion was filed March 8, 1979 and the record was filed in this Court on March 13, 1979.

sentenced. After the appeal was filed, the defendant died. This court dismissed the appeal since the defendant's interest was limited to the sentence he received, and such interest did not survive his death. *Palmer, supra,* 221 Pa.Super. at 441, 292 A.2d at 429.

■ In the instant case, like *Palmer, supra,* the appellant seeks solely to adjust his sentence. After the instant appeal was filed, the defendant completed his sentence. However, since the defendant's interest is limited to the sentence he received, such interest does not survive the completion of the sentence, and we must dismiss the case for mootness.

■ We point out that in the instant case the defendant only challenges the lower court's interpretation of his sentence and does not challenge the legality of the sentence or his conviction. We express no view as to whether this case would be moot if the defendant attacked the legality of the sentence. When a defendant appeals his conviction after he has completed his sentence, the appeal is not moot if there is the possibility of collateral civil or criminal consequences as a result of the conviction. *Commonwealth v. Rohde,* 485 Pa. 404, 408, 402 A.2d 1025, 1027 (1979); *Commonwealth v. Sheehan,* 446 Pa. 35, 42–43, 285 A.2d 465, 469 (1971). In the instant case not only is the defendant not appealing his conviction, but counsel has not suggested the possibility of collateral consequences as a result of the challenged sentence.

Therefore, we decide that when a criminal defendant appeals the lower court's interpretation of his sentence and does not challenge the legality of his sentence or conviction and the sentence is completed before the case is decided, the case is moot unless the possibility of collateral consequences arises solely from the interpretation of the sentence.

The order denying the petition to adjust sentence is affirmed.