J-S09034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID DANCEY | |
| Appellant | No. 427 MDA 2015 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002097-2012

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED FEBRUARY 09, 2016**

Appellant David Dancey appeals from the November 13, 2014 order of the Lackawanna County Court of Common Pleas granting Appellant 10 days of credit for time served. Because Appellant is no longer serving a sentence in this case, we dismiss this appeal as moot.

On December 12, 2012, Appellant pled guilty to simple assault.[1]  On March 12, 2013, the trial court sentenced Appellant to two years' intermediate punishment pursuant to 42 Pa.C.S. § 9763, with the first 90 days to be served on the Lackawanna County house arrest program. Appellant was unable to serve the house arrest portion of his sentence and he, instead, served a portion of his sentence at the Lackawanna County work

_____

[1] 18 Pa.C.S. § 2701(a)(1).

release program. Appellant violated the terms and conditions of the work release program on numerous occasions, which resulted in periods of incarceration.

On March 26, 2014, following another violation of the work release program, the trial court revoked Appellant's sentence and re-sentenced Appellant to time served to two years' incarceration. The trial court credited Appellant with 357 days.

Appellant filed a timely motion for reconsideration, which the trial court denied on March 31, 2014. Appellant did not file a direct appeal.

On July 11, 2014, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, arguing counsel was ineffective because, inter alia, counsel failed to request that the trial court award credit for an additional period of incarceration, for participation in the work release program, and for time spent at a Salvation Army rehabilitation program. Motion for Post Conviction Collateral Relief, filed July 11, 2011. The PCRA petition also referenced an appeal *nunc pro tunc*. **Id.** On July 22, 2014, the PCRA court appointed counsel. On August 29, 2014, the Commonwealth filed a response.

On November 13, 2014, the trial court issued an order stating Appellant "shall receive credit from [July 18, 2013] to [August 12, 2013]."[2]

_____

[2] It appears Appellant may have been incarcerated for the period from July 18, 2013 to August 12, 2013. The original sentencing order granted credit
*(Footnote Continued Next Page)*

- 2 -

The trial court did not mention the PCRA petition, or any other motion filed on behalf of Appellant, when granting this credit.

On November 20, 2014, PCRA counsel filed a motion to withdraw pursuant to **Turner/Finley**.[3] On December 11, 2014, Appellant filed a *pro se* notice of appeal. Although it appears the PCRA court did not address counsel's motion to withdraw, it appointed new counsel for Appellant on appeal.

This Court made numerous requests that the trial court file an opinion pursuant to Pennsylvania Rule of Appellate 1925(a), including a May 7, 2015 order asking the trial court to elaborate on its November 13, 2014 order and address whether Appellant's July 11, 2014 PCRA petition had been resolved. On October 8, 2015, the trial court finally issued a Rule 1925(a) opinion. The Rule 1925(a) opinion mentions the PCRA petition filed and, in the same paragraph, acknowledges its November 13, 2014[4] order awarding Appellant credit for an additional ten days that Appellant sent in custody. The 1925(a) opinion, however, stated that Appellant's December 11, 2014 notice of

---

*(Footnote Continued)* ─────────────

for time served, including time served from July 18, 2013 through August 1, 2013. Therefore, this order granted an additional 10 days of credit, from August 2, 2013 through August 12, 2013.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1987) (*en banc*).

[4] This order was dated October 13, 2014, but stamped and docketed on November 13, 2014.

appeal was an untimely appeal from the March 26, 2014 judgment of sentence. Memorandum, 10/8/2015, at 4-5, 5 n.3 ("PCRA Opinion"). The 1925(a) opinion did not explain the status of the PCRA petition.

On October 30, 2015, Appellant's counsel filed an **Anders** brief and a motion to withdraw as counsel.

The **Anders** brief raises the following issue on appeal:

> Whether the [trial] court erred when it failed to credit [] Appellant with time spent on work release, on house arrest, and at the Salvation Army Rehabilitation towards his total intermediate punishment sentence?

**Anders** Brief at 4.

The trial court and the Commonwealth argue that the December 11, 2014 appeal was an untimely appeal of the March 26, 2014 judgment of sentence. PCRA Opinion at 5, 5 n.3; Appellee's Brief at 4. The Commonwealth maintains the November 13, 2014 order awarding credit was not a final order. Appellee's Brief at 4. We disagree. The November 13, 2014 order, which granted additional credit, was an appealable order. **See, e.g., Commonwealth v. Clark**, 885 A.2d 1030, 1031 (Pa.Super.2005) (reviewing appeal from order applying credit for pre-trial detention). Further, Appellant timely appealed this order, as he filed his notice of appeal within 30 days of the date of the order. Pa.R.A.P. 903.

However, we are unable to review Appellant's issue, as his appeal is moot. Where an appellant has completed the aggregate maximum term of imprisonment while his appeal is pending, an appeal challenging the

- 4 -

sentence imposed is moot and incapable of review. *See Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa.Super.2009); *Commonwealth v. Kelly*, 418 A.2d 387, 388 (Pa.Super.1980) (because appellant's interest is limited to the sentence he received, his interest does not survive the completion of the sentence, and the case must be dismissed as moot). We have reasoned that, if an appellant has completed serving his sentence, he is no longer subjected to any direct criminal consequences, and, therefore, any challenge to his sentence would be moot. *Id.*; *Commonwealth v. King*, 786 A.2d 993, 996–97 (Pa.Super.2001) (appeal moot where appellant challenged the legality of the 24-month probationary sentence imposed and already served because there were no criminal or civil consequences).[5]

Appellant completed serving this sentence on March 24, 2015. He is, therefore, no longer serving the sentence he attempts to challenge and is not suffering any consequences as a result of the sentence.[6] Accordingly, this appeal is moot.

_____

[5] The *Turner/Finley* letter notes that Appellant correctly claims he was charged twice for an item of cost labeled "OSP" and correctly claims the restitution amount ordered differed from the restitution amount requested. Letter from Kurt T. Lynott, Esq. to the Honorable Michael J. Barrasse dated November 20, 2014, at 2. If Appellant was incorrectly assessed costs or if the restitution amount is inaccurate, Appellant can request an abatement at the trial court.

[6] Even if we construed the November order as an order addressing the PCRA petition, Appellant still would not be entitled to relief. Because Appellant is no longer serving a sentence of imprisonment, probation or parole for the crime, he is ineligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i).
*(Footnote Continued Next Page)*

Appeal dismissed as moot and motion to withdraw granted.[7]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2016

_(Footnote Continued)_ ————————

[7] Counsel complied with the technical requirements of **Anders** because he provided a summary of the procedural history and facts, referred to things of record that arguably supported the appeal, set forth his conclusion the appeal was frivolous and his reasons for concluding the appeal was frivolous. **Anders** Brief; **Commonwealth v. Santiago**, 978 a.2d at 361. Counsel also sent his **Anders** brief and petition to withdraw to Appellant, along with a letter advising Appellant he could retain new counsel, proceed _pro se_, or raise any points Appellant deemed worthy of this Court's attention. Letter from Daniel B. Lipson, Esq. to David Dancey dated Oct. 28, 2015. Further, because Appellant is no longer serving his sentence, there are no non-frivolous claims related to his sentence.