J-S28021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES HENDEL | |
| Appellant | No. 1913 EDA 2014 |

Appeal from the Order June 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0117711-1993

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 10, 2016**

James Hendel[1] appeals from the orders entered in the Court of Common Pleas of Philadelphia County, denying numerous motions filed following the imposition of his probation revocation sentence. Upon careful review, we affirm.

In 1993, Hendel assaulted his girlfriend over the course of five hours, only stopping due to his own exhaustion. The victim was able to flee when Hendel fell asleep, but suffered serious injuries that required hospitalization.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In the record, Hendel appears as James Anderson. Here, he is referred to as James Hendel. Originally, the record indicates Hendel was referred to as James Anderson. However, in his appeals he is referred to as James Hendel.

On May 20, 1993, Hendel entered an open guilty plea before the Honorable Pamela Pryor Dembe to charges of aggravated assault, simple assault, and unlawful restraint. He was sentenced to five to seventeen years' incarceration for aggravated assault and four years' consecutive probation for unlawful restraint. Hendel did not file a direct appeal.

Hendel was released from incarceration in 2009. On January 20, 2010, he was arrested on a probation violation for residing in Reading rather than Philadelphia, as required by the terms of his probation. On March 16, 2010, following a revocation hearing, the Honorable Joan A. Brown found Hendel to be in violation of his probation and resentenced him to two to four years' incarceration followed by one year of probation. Hendel did not file an appeal of his revocation sentence.

Subsequently, between June 2012 and June 2013, Hendel filed numerous *pro se* motions seeking various forms of relief.[2] By orders dated June 4, 2014, Judge Brown dismissed all of these motions and entered an order purporting to reinstate his appellate rights as to those orders, *nunc pro tunc*. Hendel filed a notice of appeal to this Court on June 23, 2014, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Hendel raises the following claims:

---

[2] The trial court described Hendel's filings as "a plethora of motions, most of which were incomprehensible[.]" Trial Court Opinion, 7/15/15, at 3.

I. Was the sentence imposed by the VOP Court, unlawful, unjust, improper, manifestly unreasonable and an abuse of discretion, because the conduct of the appellant did not indicate that it was likely he would commit another crime or that the sentence of total confinement was essential to vindicate the authority of the court?

II. Was the sentence imposed by the VOP Court illegal because the VOP court did not order that appellant be given credit for time served from the date of his incarceration for the matter which was 1-20-10?

Brief of Appellant, at 2.

Prior to addressing the merits of Hendel's appeal, we must determine whether the trial court possessed jurisdiction to consider Hendel's motions. It is well-settled that the Post Conviction Relief Act (PCRA) is intended to be the sole means of achieving post-conviction relief where the petitioner's claim is cognizable thereunder. *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super 2013); 42 Pa.C.S.A. § 9542. Under the PCRA, all such petitions must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless the petitioner pleads and proves one of the three statutory exceptions.[3] *Commonwealth v. Fahy*, 737 A.2d 214,

---

[3] The statutory exceptions to the time bar are as follows:

(b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of

*(Footnote Continued Next Page)*

222 (Pa. 1999). If no exception has been pled or proven, the petition must be dismissed for lack of jurisdiction. ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011). Any petition invoking an exception to the time bar must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

On appeal, Hendel raises two claims. The first concerns the discretionary aspects of his sentence. Such a claim is not cognizable under the PCRA. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007). Moreover, Hendel waived appellate review of this claim by failing to file a post-sentence motion or direct appeal challenging the discretionary aspects of his sentence. ***See Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted). Finally, Hendel is no longer serving his sentence, which expired in March 2015. A defendant's interest is limited to the sentence he received, and such interest does not survive the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯

> the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

completion of the sentence.  ***Commonwealth v. Kelly***, 418 A.2d 387, 388 (Pa. Super.  1980).  Accordingly, his claim is moot.  ***Id.***  For all the foregoing reasons, Hendel is entitled to no relief on this claim.

Hendel also challenges the legality of his sentence, a claim which is cognizable under the PCRA.  ***See*** 42 Pa.C.S.A. § 9542 (PCRA "provides for an action by which persons . . . serving illegal sentences may obtain collateral relief").  However, the PCRA's time limits nonetheless apply to such challenges.  ***See Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007).  Thus, a PCRA court "may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim.  In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." ***Id.***

Here, Hendel's judgment of sentence became final on April 15, 2010, at the expiration of time to file a direct appeal to this Court.  ***See*** 42 Pa.C.S.A. § 9545(b)(3).  Hendel had one year from that date, or until April 15, 2011, to file a timely petition under the PCRA.  Hendel's instant petition, i.e., the motion in which he raises the legality of his sentence, was filed on February 28, 2013, nearly two years after the date on which his judgment of sentence became final.  Accordingly, the court lacked jurisdiction to consider Hendel's claim unless he pled and proved one of the three exceptions to the time bar.  Because he failed to do so, the trial court lacked jurisdiction to consider the merits of Hendel's claim and properly dismissed his motion.

Orders affirmed.

Judge Bowes and Judge Platt concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2016