J-S14020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD EVANS | : | |
| | : | No. 1539 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014114-2009

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 20, 2018**

Appellant Richard Evans appeals from the judgment of sentence entered on May 5, 2017 for possession with intent to deliver a controlled substance ("PWID"); knowing and intentional possession of a controlled substance; use or possession of drug paraphernalia; and possession of an instrument of crime ("PIC").[1] In addition to this appeal, appellate counsel has filed a petition to withdraw his representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

\*   Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), and 18 Pa.C.S.A. § 907(a), respectively.

Following a bench trial on June 12, 2012, Evans was found guilty of the above-referenced crimes. The trial court sentenced him to the then-mandatory minimum sentence of five to ten years' of incarceration for the charge of PWID for being in possession or control of a firearm at the time of the offense. *See* 42 Pa.C.S.A. § 9712.1.[2] The court also sentenced him to five years of probation for the charge of PIC, and imposed no further penalty on the remaining charges.

Evans filed a post-sentence motion, which the trial court denied on January 3, 2013. On December 30, 2013, he filed a petition under the Post Conviction Relief Act[3] seeking reinstatement of his right to file a direct appeal. Evans direct appeal rights were reinstated on September 29, 2015 and he subsequently filed a timely Notice of Appeal on October 29, 2015. This Court vacated Evans' sentence finding that it was illegal in light of *Alleyne*, and remanded for re-sentencing. *See Commonwealth v. Evans*, 159 A.3d 576 (Pa.Super. 2016) (unpublished memorandum).

On May 5, 2017, the trial court resentenced Evans to concurrent terms of nine to 23 months of incarceration for the PWID and PIC charges, with credit for time served and immediate parole. No further penalty was imposed for the remaining charges. Having served just under five years in custody,

---

[2] This Court held that pursuant to *Alleyne v. United States,* 570 U.S. 99, 103 (2013), section 9712.1 was unconstitutional. *Commonwealth v. Newman*, 99 A.3d 86, 88 (Pa.Super. 2014) (*en banc*), appeal denied, 121 A.3d 496 (Pa. 2015)

[3] 42 Pa.C.S.A. §§ 9541-9546.

Evans had completed his maximum sentence at the time he was resentenced. Evans then filed a Notice of Appeal, *pro se*, the same day. The court ordered Evans to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). He did not comply with that order. On June 22, 2017 the trial court filed its opinion. Counsel then filed with this Court his petition to withdraw as counsel as well as an **Anders** brief.

We first must address counsel's request to withdraw as Evans' counsel before addressing the merits of the issue raised on appeal. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005). Pursuant to **Anders** and **Santiago**, when requesting to withdraw from representation, counsel must: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or file a *pro se* brief raising additional arguments. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013).

Here, counsel's petition to withdraw states that he reviewed the record thoroughly and could find no non-frivolous argument. Additionally, counsel mailed Evans a copy of the **Anders** brief and advised him that he had the right to retain private counsel or raise additional arguments to the court. We therefore conclude that counsel has complied with the procedural requirements of **Anders**.

We now determine whether counsel's *Anders* brief meets the substantive standards under *Santiago*. In an *Anders* brief, counsel must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." *Santiago*, 978 A.2d at 361.

Here, counsel provides a summary of the procedural history and facts with citations to the record, refers to the sentencing claim as an issue that could arguably support the appeal, and explains his reasons for concluding that the appeal is frivolous. Thus counsel has complied with *Santiago*.

We now proceed to examine the merits of the issue presented by Evans' counsel in the *Anders* brief:

I. The trial court abused its discretion by imposing a sentence that was at the upper limit of the standard range of the sentencing guidelines.

Appellant's Brief at 2.

Evans asks us to review the discretionary aspects of his sentence. However, there is no absolute right to appeal the discretionary aspects of a sentence. *Cartrette* 83 A.3d at 1042. Rather, we follow a four-part analysis before addressing a challenge to discretionary aspects of sentence. We must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider or modify sentence; (3) whether appellant's brief includes a concise

statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See* 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013). Failure to raise an objection to the discretionary aspects of a sentence at the sentencing hearing or in a post-sentence motion results in waiver of the issue. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010).

Here, Evans' notice of appeal was timely as he filed it the same day that he was sentenced. However, Evans waived his challenge to discretionary aspects of sentencing. He did not raise the issue at the sentencing hearing or in a post-sentence motion. *Id.*; *See* Pa.R.A.P. 302 (issues not presented to the trial court cannot be raised for the first time on appeal). When given the opportunity to address the trial court, Evans claimed he was not guilty and made no mention of the sentence imposed. N.T., Re-Sentencing, 5/05/2017 at 7.

Additionally, even if Evans had preserved the issue, his challenge to his sentence is moot as he completed his sentence on May 5, 2017. By the date of his resentencing, May 5, 2017, Evans had served just under five years in custody, which is more than the nine to 23 months to which he was resentenced. *Id.* at 5. Evans claims no civil or criminal consequences from his sentence, and we are aware of none. His appeal is therefore moot. *See Commonwealth v. King*, 786 A.2d 993, 996 (Pa.Super. 2001) (finding

appellant's challenge to sentence moot where sentence imposed had expired and there were no criminal or civil consequences); ***compare Commonwealth v. Kelly***, 418 A.2d 387, 388 (Pa.Super. 1980) (stating when a criminal defendant appeals his conviction after he has completed his sentence, appeal is not moot if collateral civil or criminal consequences are possible).

Judgment of sentence affirmed. Petition to withdraw as counsel granted. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/18