J-S53040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN EVERETT | : | |
| | : | |
| Appellant | : | No. 1443 EDA 2017 |

Appeal from the Judgment of Sentence April 7, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004228-2012,
CP-51-CR-0004237-2012, CP-51-CR-0004238-2012

BEFORE: GANTMAN, P.J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:             **FILED SEPTEMBER 25, 2018**

Appellant, Steven Everett, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of house arrest/probation. We dismiss the appeal as moot.

The relevant facts and procedural history of this case are as follows. Following a waiver trial, the court sentenced Appellant to 1 to 3 years' incarceration, followed by 4 years' probation, on August 19, 2014. Appellant was paroled immediately to house arrest. At a Violation of Probation/Parole ("VOP") hearing on March 4, 2016, the court found Appellant in violation of his house arrest and sentenced him to 11½ to 23 months of additional house arrest supervision plus 5 years' probation. Appellant, however, remained in custody from February 11, 2016, until March 8, 2017, due to difficulties in arranging a place to stay. Soon after his release on house arrest, Appellant

_____

* Retired Senior Judge assigned to the Superior Court.

again violated his supervision when the house arrest box was unplugged and Appellant absconded from house arrest on March 20, 2017. He turned himself in the following day. On April 7, 2017, the trial court conducted a second VOP hearing and found Appellant in technical violation for absconding while under house arrest supervision. The court ordered Appellant to serve his remaining back-time of 10 months in prison, followed by 5 years' probation. Appellant filed a motion for reconsideration of the VOP sentence on April 17, 2017, which the court denied on April 27, 2017. On May 4, 2017, Appellant timely filed a notice of appeal. No Pa.R.A.P. 1925(b) statement was ordered or filed.

Appellant raises the following issue on appeal:

> DID NOT THE SENTENCING COURT VIOLATE THE REQUIREMENTS OF § 9771(C) OF THE SENTENCING CODE WHEN, AFTER REVOKING HIS PAROLE/PROBATION, IT SENTENCED APPELLANT TO A PERIOD OF TOTAL CONFINEMENT WHERE: 1) HE HAD NOT BEEN CONVICTED OF A NEW CRIME, 2) THE RECORD DID NOT DEMONSTRATE ANY LIKELIHOOD THAT HE WOULD COMMIT A NEW CRIME IF NOT INCARCERATED, AND 3) INCARCERATION WAS NOT ESSENTIAL TO VINDICATE THE AUTHORITY OF THE COURT?

(Appellant's Brief at 4).

Preliminarily, "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa.Super. 2009). "[W]hen a criminal defendant appeals the lower court's interpretation of his sentence and does not challenge the legality of his sentence or conviction and the sentence is completed before the case is decided, the case is moot unless the possibility

of collateral consequences arises solely from the interpretation of the sentence." ***Commonwealth v. Kelly***, 418 A.2d 387, 388 (Pa.Super. 1980) "Under Pennsylvania law, if Appellant completed the aggregate maximum term of imprisonment while his appeal was pending, he would not be subjected to any direct criminal consequences and his challenge to the legality of his sentence…would be moot and incapable of review." ***Commonwealth v. Schmohl***, 975 A.2d 1144, 1149 (Pa.Super. 2009). ***See also Commonwealth v. King***, 786 A.2d 993, 996 (Pa.Super. 2001), *appeal denied*, 571 Pa. 704, 812 A.2d 1228 (2002) (holding "appellant's challenge to the legality of the sentence, which has expired and which bears no collateral civil or criminal consequences, is moot…").

Instantly, on April 7, 2017, the trial court revoked house arrest/probation and ordered Appellant to serve the remaining back-time of his sentence, which was 10 months, followed by 5 years' probation. Appellant challenges the total confinement aspect of the revocation sentence. The record, however, indicates Appellant's final incarceration release date was January 25, 2018. Appellant completed his term of imprisonment while his appeal was pending. Therefore, Appellant's appeal regarding the total confinement aspect of his sentence is now moot and incapable of appellate review. ***See Schmohl, supra***; ***King, supra***; ***Kelly, supra***. Accordingly, we dismiss the appeal as moot.

Appeal dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/25/18</u>