J-S13023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CRYSTAL MARIE ANTHONY | : | |
| | : | |
| Appellant | : | No. 807 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):
CP-16-CR-0000518-2015

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED:  August 30, 2024**

Crystal Marie Anthony ("Anthony") appeals from the judgment of sentence imposed by the Clarion County Court of Common Pleas  ("trial court") ordering her to remain on parole through her maximum date of March 6, 2024. On appeal, Anthony challenges the legality of her sentence based upon the trial court's failure to give her credit for time spent at an inpatient drug and alcohol rehabilitation facility.  Because Anthony is no longer serving her sentence in this case, we dismiss this appeal as moot.

This court previously set forth the factual and procedural history as follows:

> [Anthony] pled guilty to forgery and, on February 17, 2016,
> the trial court sentenced her to six months of probation at docket

_____

[*] Former Justice specially assigned to the Superior Court.

number CP-16-CR-518-2015. On the same date, but at docket number CP-16-CR-519-2015, the trial court also sentenced [Anthony] to a consecutive term of six months of probation for possession of a controlled substance by misrepresentation, fraud, forgery or subterfuge pursuant to 35 P.S. § 780-113(a)(12). While on probation for forgery at docket number CP-16-CR-518-2015, [Anthony] admitted she was in technical violation of the terms of her probation. By order entered on March 24, 2016, the trial court resentenced [Anthony] to 30 days to two years of imprisonment, followed by a consecutive term of three years of probation. The trial court gave [Anthony] 30 days' credit for time served.

***Commonwealth v. Anthony***, 457 WDA 2022, 2023 WL 2947495, *1 (Pa. Super. Apr. 14, 2023) (non-precedential memorandum).

Anthony was found in technical violation of her parole in April 2016 and June 2018. Each time, the trial court resentenced Anthony to a term of imprisonment with consecutive probation sentences. While on probation, Anthony admitted to violations, and on June 18, 2020, the trial court revoked Anthony's probation and resentenced her to serve twenty-nine days to two years less one day in county jail, followed by one year of probation. The trial court credited Anthony with 28 days of time served. The trial court further found that Anthony's drug and alcohol assessment recommended inpatient drug and alcohol treatment. Therefore, the trial court ordered Anthony be released on "June 19, 2020, directly to ARC Manor staff," and stated that Anthony "must successfully complete all recommended treatment and is not permitted to decline any level of care." Sentencing Order, 6/18/2020, at 1-2 (unnumbered).

On March 24, 2022, Anthony again admitted to technical violations of her parole. The trial court revoked Anthony's parole, recommitted her to serve the balance of her sentence in prison, revoked her street time, and gave her seventy-one days of credit for time served. At this hearing, Anthony's attorney asked the trial court to credit Anthony's time spent in inpatient treatment at ARC Manor. The trial court denied Anthony's request, stating it was "not willing to do that." N.T., 3/24/2022, at 6.

Anthony appealed, arguing, inter alia, that she should have been given credit for time served in court-ordered drug and alcohol rehabilitation. On appeal, this Court vacated Anthony's "judgment of sentence and remand[ed] for additional proceedings, wherein [Anthony] is permitted to present evidence pertaining to her inpatient rehabilitation at [ARC] Manor and whether her time spent there constitutes custody." **Anthony**, 2023 WL 2947495, *4. This Court noted that there was no evidence of record to establish whether the inpatient facility "restricted or restrained" Anthony's freedom or if Anthony voluntarily entered the program. **Id.**

On remand, the trial court held a hearing on May 11, 2023, at which the ARC Manor discharge summary was entered into evidence and Anthony testified. Notably, in the discharge summary, ARC Manor indicated Anthony was admitted on June 19, 2020, and discharged on July 10, 2020, a total of twenty-one days. Anthony's Exhibit A, at 1-2.

On June 5, 2023, the trial court denied Anthony's request for credit for time served. Subsequently, on February 15, 2024, the trial court ordered Anthony to remain on parole until her maximum date—March 6, 2024, and vacated the remaining probation terms as she will have completed supervision as of March 6, 2024. Anthony filed the instant appeal.[1] On appeal, she presents the following issue for our review: "[Whether] the [t]rial [c]ourt erred in not crediting [Anthony] with time served for the time previously spent in court-ordered inpatient drug and alcohol treatment?" Anthony's Brief at 4.

Generally, appellate courts in Pennsylvania will not decide moot questions. *Commonwealth v. Smith*, 486 A.2d 445, 447 (Pa. Super. 1984). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa. Super. 2009) (citation omitted). "[A] question raised on appeal may become moot by events which occur after the appeal was filed." *Commonwealth v. Kelly*, 418 A.2d 387, 388 (Pa. Super. 1980). This Court has held that if an appellant has completed serving her sentence and she is no longer subject to any direct criminal consequences, an appeal challenging the sentence imposed is moot and incapable of review. *See Commonwealth*

_____

[1] Notably, Anthony initially filed a premature appeal after the trial court denied her request for credit for time served, but before the trial court imposed a sentence. However, after this Court issued a rule to show cause as to why the appeal should not be quashed, the trial court imposed the new revocation sentence. This Court found the appeal was timely from this new sentence and discharged the rule.

***v. Schmohl***, 975 A.2d 1144, 1149 (Pa. Super. 2009) (stating, "[u]nder Pennsylvania law, if [a]ppellant completed the aggregate maximum term of imprisonment while his appeal was pending, he would not be subjected to any direct criminal consequences and his challenge to the legality of his sentence ... would be moot and incapable of review").

Here, the record reflects that Anthony completed serving her sentence on March 6, 2024. ***See*** Order, 2/15/2024 (stating that Anthony must remain on parole "until her max date of March 6, 2024," and Anthony "will have completed her supervision requirements as of March 6, 2024"). Therefore, she is no longer serving the sentence she attempts to challenge and is not suffering any consequences because of the sentence. Accordingly, this appeal is moot. ***See Commonwealth v. King***, 786 A.2d 993, 996-97 (Pa. Super. 2001) (holding that a defendant's challenge to the legality of his probationary sentence was moot where the sentence imposed had already been served and there were no criminal or civil consequences); ***see also Commonwealth v. Gillins***, 302 A.3d 154, 162 (Pa. Super. 2023) (noting that if a defendant "chooses to attack only his sentence, and not the underlying conviction, the expiration of the sentence renders the case moot unless the petitioner can

demonstrate collateral consequences adequate to satisfy the case-or-controversy requirement").[2]

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  8/30/2024

---

[2] Although there are several exceptions to the mootness doctrine, none apply to this case.  Specifically,

> [t]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*Nava*, 966 A.2d at 633 (citation omitted).