J-A02045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL D. JOHNSON | : | |
| | : | |
| Appellant | : | No. 554 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000109-2024

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL D. JOHNSON | : | |
| | : | |
| Appellant | : | No. 555 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000108-2024

BEFORE: STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED: April 20, 2026**

Michael D. Johnson ("Johnson") appeals pro se from the judgment of

sentence entered by the Warren County Court of Common Pleas ("trial court")

following his guilty plea to two counts of interference with the custody of

children.[1]   Because we find that the issues Johnson raises on appeal are waived or otherwise do not entitle him to relief, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> The Commonwealth, through an investigation conducted by the Pennsylvania State Police, alleged that [Johnson] committed the above-described crimes on or about November 3, 2023.  The criminal complaint alleged that [Johnson] and his wife picked up the juvenile victims, J.B.[, in Russell, Pennsylvania,] and K.M., [in Sheffield, Pennsylvania,] without the permission of the victims' parents, and refused to provide information to police when asked about the location of the minor victims.
>
> By order dated February 8, 2024, David Bauer, Esq. was appointed to represent [Johnson].  Attorney Bauer filed a motion for withdrawal of appearance on April 10, 2024 citing a breakdown in the attorney-client relationship and indicating that [Johnson] wished to discharge Attorney Bauer of his duties.  This motion was granted by order dated May 6, 2024 and Attorney Elizabeth Feronti was appointed to represent [Johnson].
>
> On July 1, 2024, the Commonwealth filed a motion for consolidation of docket no. 108 and 109 of 2024.  Following argument, this motion was granted by order dated August 2, 2024.  On December 9, 2024, Attorney Feronti filed a motion to withdraw as counsel citing various statements made by [Johnson] alleging attorney misconduct on behalf of Attorney Feronti.  On December 11, 2024, [Johnson] filed pro se correspondence with the court requesting new counsel.
>
> Argument was held on this issue on December 18, 2024 wherein the court denied both requests made by Attorney Feronti and [Johnson].  Notably, [Johnson] indicated on the record that he intended to hire private counsel, but no other counsel had entered an appearance at the time of hearing.

---

[1]  18 Pa.C.S. § 2904(a).

On December 30, 2024, [Johnson] again wrote to the court requesting that Attorney Feronti be removed as his counsel of record. The court held argument the next day, wherein the court conducted a full colloquy on the record and determined that [Johnson] knowingly, voluntarily, and intelligently waived his right to counsel and desired to represent himself at trial.[2] Attorney Feronti was removed as trial counsel and appointed as standby counsel for [Johnson].

On January 9, 2025, [Johnson] entered a plea at both dockets to [interference with the custody of children], a felony of the third degree. … Attorney Feronti was present at the time of the plea and was available for [Johnson] to consult with to the extent [he] desired to do so. At the time of the plea, the court advised [Johnson] of the rights he would waive by entering a plea, and what his post-sentence rights were. [The court] found that [Johnson] knowingly, voluntarily, and intelligently entered his plea.

On April 14, 2025, [Johnson] appeared to be sentenced on both dockets to two (2) counts of interference with [the] custody of children. Prior to sentencing, the court asked [Johnson] if he desired for stand-by counsel to be seated next to him so that he could consult with her during sentencing. [Johnson] indicated that he did, and stand-by counsel complied. The court then, for the fourth time, reviewed with [Johnson] his right to have counsel represent him. Additionally, the court informed [Johnson] that if any point he desired to take time to speak with his stand-by counsel, the court would give him as much time as he needed to discuss the matters with Attorney Feronti.

Next, the court reviewed the pre-sentence investigation report and asked [Johnson] if he wished to place any additions or corrections on the record. [Johnson] indicated that he believed his prior criminal record was incorrect. After consultation with Warren County Adult Probation on the record at the time of the proceeding, the court found that the report was correct as written.

[Johnson] was sentenced at both dockets to an aggregate sentence of incarceration of fifty-four (54) to one hundred eight (108) months, with credit for four hundred thirty-nine (439) days.

---

[2] *See **Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[Johnson] was also sentenced to a period of re-entry supervision of twelve (12) months to run consecutive [to the term of] incarceration.

Trial Court Opinion, 5/20/2025, at 1-4 (unnecessary capitalization and footnote omitted). Johnson's sentence included a provision stating that he "shall have no contact whatsoever with the victim nor the victim's family, and shall not trespass on the victim's family's property." Sentencing Order, 4/14/2025.

On April 17, 2025, Johnson timely appealed to this Court. On May 8, 2025, the trial court issued an order striking the no contact/no trespass provision from Johnson's sentence. *See* Trial Court Order, 5/8/2025.[3] Johnson presents the following issues for review:

_____

[3] "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. As section 5505 indicates, a trial court generally lacks the ability to modify an order once an appellant has filed an appeal from that order. *See Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007). Here, the trial court issued its order striking the no contact/no trespass provision from Johnson's judgment of sentence after he filed his notice of appeal. *See* Notice of Appeal, 4/17/2025. In *Holmes*, however, our Supreme Court held that courts retain inherent jurisdiction, even after the filing of an appeal, "to correct patent and obvious mistakes," including illegal sentences, as an exception to the general rule of section 5505. *Holmes*, 933 A.2d at 66. The Court emphasized that "it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power." *Id.* at 66-67. Importantly, this Court has repeatedly held that "trial courts do not have statutory authority to impose conditions on a state sentence." *See, e.g., Commonwealth v. Vializ-Rios*, 334 A.3d 898, 902 (Pa. Super. 2025); *Commonwealth v. Merced*, 308 A.3d 1277, 1283 (Pa. Super. 2024). We therefore find no issue in the trial court's decision to
*(Footnote Continued Next Page)*

[1.] The trial court errored [sic] false arrest, false police statements, fabricated and altered documentation and statements.

[2.] The trial court errored [sic] insufficient evidence to support the conviction of charges.

[3.] The trial court errored [sic] no contact/no trespass condition and victim impact statement (fabricated and altered)[.]

[4.] The trial court errored [sic] attorney misconduct and ineffective assistance of counsel.

[5.] The trial court errored [sic] prosecutorial misconduct.

[6.] The trial court errored [sic] witness tampering[.]

[7.] The trial court errored [sic] jurisdiction with N.Y. and P.A. [sic] state.

[8.] The trial court errored [sic] the lack of experience from the … children's advocate center.

[9.] The trial court errored [sic] trial court docket number CP-62-CR-0000108-2024 juvenile being abused and in danger by the father.

[10.] The trial court errored [sic] two separate trials (as these dockets were consolidated for trial[)].

Johnson's Brief at 1-2 (unnecessary capitalization and typographical errors omitted).

Prior to addressing his issues, we note that many of the legal claims Johnson attempts to raise throughout his appellate brief are difficult to discern. *See id.* at 1-5. We emphasize to Johnson that he chose to proceed

___

correct this patent and obvious error in Johnson's sentencing order after he filed of his notice of appeal.

- 5 -

pro se and "although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) (quotation marks and citation omitted). That said, we will address the issues that we can determine from Johnson's brief to the best of our ability.

It is well settled that upon the entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). Johnson's first, second, fifth, sixth, eighth, ninth, and tenth issues in no way challenge any of these available bases and are therefore waived. *See id.*; *see also* Johnson's Brief at 1-2. We therefore turn to the remaining issues raised before this Court.

In his third issue, Johnson asserts that the no contact/no trespass provision of his sentence is illegal. *See* Johnson's Brief at 1. As noted above, however, the trial court entered an order on May 8, 2025 striking that provision from his sentence. *See* Trial Court Order, 5/8/2025. Generally, appellate courts in Pennsylvania will not decide moot questions.

- 6 -

*Commonwealth v. Smith*, 486 A.2d 445, 447 (Pa. Super. 1984). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa. Super. 2009) (citation omitted). "[A] question raised on appeal may become moot by events which occur after the appeal was filed." *Commonwealth v. Kelly*, 418 A.2d 387, 388 (Pa. Super. 1980). As the no contact and no trespass provision is no longer part of his sentence, Johnson's third issue is moot.

In his fourth issue, Johnson raises an allegation of ineffective assistance of counsel against Attorney Feronti. *See* Johnson's Brief at 3. He asserts that she engaged in witness tampering. *See id.* Johnson also raises a claim of prosecutorial misconduct against the district attorney based upon the alleged withholding of evidence. *See id.*

At the outset, we note that Johnson's claim of prosecutorial misconduct is waived because he pled guilty. *See Eisenberg*, 98 A.3d at 1275. Regarding his ineffective assistance of counsel claim, in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court stated that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Id.* at 576 (footnote omitted). The Court set forth two limited exceptions to this general rule: (1) in "an extraordinary case where the trial court, in the exercise of its discretion,

determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) when "in its discretion, and for good cause shown," a trial court determines post-verdict review is necessary, where the defendant raises "multiple, and indeed comprehensive, ineffectiveness claims[,]" "if such review is accompanied by a waiver of PCRA rights." *Id.* at 577-78. Our Supreme Court later recognized a third exception that requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).

Here, Johnson has failed to articulate that his ineffective assistance of counsel claim satisfies any of the exceptions to the general rule precluding our review of such claims on direct appeal. *See* Johnson's Brief at 3. We therefore conclude that Johnson's fourth issue fails.

Finally, in his seventh issue, Johnson argues that the trial court lacked jurisdiction over this matter. *See* Johnson's Brief at 2. He suggests, albeit unclearly, that the incident for which he was criminally charged in this case occurred in New York, not Pennsylvania. *See id.*

Our review of the record reveals no support for this claim. Although Johnson is a resident of Jamestown, New York, there is no indication in the record that the crimes for which he was charged in this case occurred in New York. Indeed, the guilty plea hearing transcript reflects that Johnson agreed

he committed the crimes in question in Russell and Sheffield, Pennsylvania. N.T., 1/9/2025, at 13-15. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath." ***Commonwealth v. Alameda***, 339 A.3d 504, 510 (Pa. Super. 2025) (quotation marks and citation omitted). Accordingly, Johnson's seventh issue fails.

As Johnson has not raised any claims that entitle him to relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/20/2026